**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**
No. 99-10375
(Summary Calendar)

BLACK SEA INVESTMENT, LTD.,

                    Plaintiff-Counter Defendant-Appellant,

              versus

UNITED HERITAGE CORPORATION,

                    Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

March 9, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

WIENER, Circuit Judge:

     In this diversity case arising out of a contract dispute, Plaintiff-Appellant Black Sea Investments, Ltd. ("Black Sea") appeals the district court's granting the motion of Defendant-Appellee United Heritage Corporation ("United Heritage") to stay and administratively close the underlying federal action. The district court ruled that a stay was appropriate under the abstention doctrine announced by the Supreme Court in Colorado

1

<u>River Water Conservation District v. United States</u>.[1]  As we find that the district court's ruling is inconsistent with the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,"[2] we reverse and remand the case to the district court for further proceedings.


I.

*Facts and Proceedings*

Black Sea purchased from United Heritage 352,491 shares of United Heritage stock.  The purchase agreement placed restrictions on Black Sea's ability to sell the stock.  It also promised Black Sea additional "rachet" shares of stock in the event that Black Sea sold its initial holdings for less than a specified price per share.  During the following year, Black Sea sold all of its shares of United Heritage stock.  Black Sea reported the sales to United Heritage, and a dispute immediately ensued.  Black Sea claimed that it was entitled to receive 312,297 "rachet" shares of United Heritage stock; United Heritage claimed that Black Sea's sale of the stock violated the terms of the purchase agreement.

The parties immediately entered into settlement negotiations, but about one week later, while the negotiations were still ongoing, United Heritage filed suit in state court in Texas.

---

[1] 424 U.S. 800 (1976)

[2] <u>Id</u> at 817.

United Heritage did not have Black Sea served with process, however, allegedly because it did not want to disturb the ongoing negotiations.  Unaware of the state suit, Black Sea filed a diversity action against United Heritage in federal district court, seeking injunctive and declaratory relief.  Black Sea had United Heritage served with process the same day.

Several weeks later, United Heritage filed a motion to stay the federal suit, arguing that the district court should abstain from exercising jurisdiction over Black Sea's claims out of deference to the parallel state litigation.  Early the following year, the district court granted United Heritage's motion, finding that (1) the issues involved in Black Sea's federal action are purely issues of state law, (2) the state court provides an equally convenient forum for the litigation of Black Sea's claims, and (3) allowing the federal action to proceed would result in wasteful, duplicative litigation.  Approximately six months later, the district court clarified its ruling, specifying that its granting of a stay was based on the <u>Colorado River</u> abstention doctrine. This appeal followed.

## II.

### *Analysis*

A.  Standard of Review

We review a district court's decision whether to stay

proceedings for abuse of discretion.[3]  To the extent that such a decision rests on an interpretation of law, however, our review is de novo.[4]

B.    <u>Colorado River</u> Abstention

The <u>Colorado River</u> abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources.[5]  It represents an "extraordinary and narrow exception" to the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them."[6]  The Supreme Court has not prescribed a "hard and fast rule" governing the appropriateness of <u>Colorado River</u> abstention, but it has set forth

> six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal

---

[3] <u>Murphy v. Uncle Ben's, Inc.</u>, 168 F.3d 734, 737 (5th Cir. 1999).

[4] <u>Id</u>.

[5] <u>Evanston Ins. Co. v. Jimco, Inc.</u>, 844 F.2d 1185, 1189 (5th Cir. 1988).

[6] <u>Colorado River</u>, 424 U.S. at 813, 817.

4

jurisdiction.[7]

In assessing the propriety of abstention according to these factors, a federal court must keep in mind that "the balance [should be] heavily weighted in favor of the exercise of jurisdiction."[8]  Paying heed to this admonition in applying the Colorado River factors to this case, we conclude that the balance tips decisively against abstention.

(1) *Assumption by Either Court of Jurisdiction Over a Res*

The case "does not involve any res or property over which any court, state or federal, has taken control. ... [T]he absence of this factor weighs against abstention."[9]

(2) *Relative Inconvenience of the Forums*

The federal and state courts are in approximately the same

---

[7] Murphy, 168 F.3d at 738.  The Supreme Court has also emphasized the determinative role of a clear federal policy with respect to the appropriate application of these factors.  A "clear federal policy ... [of] avoidance of piecemeal adjudication of water rights in a river system" was "the most important factor" in the Supreme Court's decision to abstain in Colorado River.  See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983).  Conversely, a clear Congressional policy "to move parties to an arbitrable dispute out of court and into arbitration as quickly and as easily as possible" —— a policy that was most readily given effect in federal court —— decisively weighed against abstention in Moses H. Cone Mem. Hosp..  Id at 22-23.

[8] Moses H. Cone Mem. Hosp., 460 U.S. at 16.

[9] Murphy, 168 F.3d at 738.

geographic location within the state.  This factor therefore weighs against abstention.[10]

(3) *Avoidance of Piecemeal Litigation*

The district court expressly granted a stay primarily to avoid wasteful, duplicative litigation.  But "[t]he prevention of duplicative litigation is not a factor to be considered in an abstention determination."[11]  Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction.  The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property.[12]  When, as here, no court has assumed jurisdiction over a disputed res, there is no such danger.  This factor therefore weighs against abstention.[13]

(4) *Order in Which Jurisdiction Was Obtained*

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress

---

[10] Id.

[11] Evanston Ins. Co., 844 F.2d at 1192.

[12] Id.

[13] Id.

has been made in the two actions."[14]  Even though, in the instant case, the state suit was filed first, no action has been taken by the state court with respect to that suit.  Indeed, the defendant had not even been served when it filed the subsequent federal suit.  The situation in the United States District Court is much the same: The parties have devoted substantial energy to jurisdictional posturing, but no progress has been made on the merits of the case.  As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention.[15]

(5) *Whether State or Federal Law Will Be Applied*

The instant case involves only issues of state law.  Nevertheless, "[t]he absence of a federal-law issue does not counsel in favor of abstention."[16]  "[O]ur task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under Colorado River to justify the surrender of that jurisdiction."[17]  Thus, "the presence of state law issues weighs in favor of surrender only in

---

[14] Moses H. Cone Mem. Hosp., 460 U.S. at 21.

[15] Murphy, 168 F.3d at 738-39.

[16] Evanston Ins. Co., 844 F.2d at 1193.

[17] Moses H. Cone Mem. Hosp., 460 U.S. at 942.

7

rare circumstances."[18]

The district court improvidently accorded great weight to this factor. It particularly emphasized that "the dispute involved issues of state law that had only recently been addressed by the Texas Supreme Court" and that the parties disagreed "as to the effect of the Texas Supreme Court's ruling." Without more, however, a mere lack of clarity in applicable state law does not counsel in favor of abstention. This factor is therefore at most neutral with respect to the propriety of abstaining under <u>Colorado River</u>.

(6) *Adequate Protection in State Court*

There is no indication in the instant case that Black Sea's interests would not be adequately protected in state court. It is clear, however, that this factor "can only be a neutral factor or one that weighs against, not for, abstention."[19] This factor therefore remains neutral.

All of the <u>Colorado River</u> abstention factors are either neutral with respect to abstention or counsel against it. In light of the heavy weighting of the balance in favor of the exercise of jurisdiction, <u>Colorado River</u> abstention in the instant case is

---

[18] <u>Evanston Ins. Co.</u>, 844 F.3d at 1193.

[19] <u>Id</u> at 1193.

clearly inappropriate.  The district court abused its discretion in granting a stay based on the <u>Colorado River</u> abstention doctrine.


C.    <u>Brillhart</u> Abstention

United Heritage contends that this case is not governed by the <u>Colorado River</u> abstention doctrine, but rather by the abstention doctrine announced by the Supreme Court in <u>Brillhart v. Excess Insurance Co. of America</u>, 316 U.S. 491 (1942).  This argument is raised by United Heritage for the first time on appeal. Nevertheless, we will address the issue, as it (1) is substantially related to <u>Colorado River</u> abstention and (2) speaks to the propriety of assuming federal jurisdiction over the instant case.

<u>Brillhart</u> abstention is applicable "[w]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action."[20]  "In contrast, when actions involve coercive relief the trial court must apply the standards enunciated by the Court in <u>Colorado River</u>."[21]  United Heritage concedes that Black Sea has requested both declaratory and injunctive relief, but argues that <u>Brillhart</u> is nevertheless applicable because Black Sea's claims for coercive relief are merely "ancillary" to its request for declaratory relief.  This Circuit has rejected similar

_____

[20] <u>Southwind Aviation, Inc. v. Bergen Aviation, Inc.</u>, 23 F.3d 948, 950 (5th Cir. 1994).

[21] <u>Id</u> at 951.

9

arguments on at least two occasions.[22]  When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of <u>Colorado River</u>; the only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the <u>Brillhart</u> standard.[23] As there is no indication that Black Sea's request for injunctive relief is either frivolous or made in an effort to avoid the <u>Brillhart</u> doctrine, the appropriateness of abstention in the instant case is properly assessed under <u>Colorado River</u> only.

### III.

*Conclusion*

For the reasons states above, the judgment of the district court is reversed and the case is remanded for further proceedings. REVERSED AND REMANDED

---

[22] <u>See</u> <u>PPG Industries, Inc. v. Continental Oil Co.</u>, 478 F.2d 674 (5th Cir. 1973); <u>Southwind Aviation, Inc. v. Bergen Aviation, Inc.</u>, 23 F.3d 948 (5th Cir. 1994).

[23] <u>See</u> <u>PPG Industries</u>, 478 F.2d at 679.