**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-60027
(Summary Calendar)
_____

AMERICAN FAMILY LIFE ASSURANCE COMPANY OF COLUMBUS,

Plaintiff-Appellant

versus

BOBBIE F. ANDERSON,

Defendant-Appellee

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(99-CV-418)

_____

July 27, 2000

Before POLITZ, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this diversity case arising out of an employment dispute, Plaintiff-Appellant American Family Life Assurance Company of Columbus ("AFLAC") appeals the district court's grant of Defendant-Appellee Bobbie F. Anderson's motion to dismiss the federal proceedings, thereby rendering moot AFLAC's (1) Motion for Preliminary Injunction, (2) Renewed Motion for Preliminary Injunction, (3) Motion for Order to Arbitrate, and (4) Request for an Evidentiary Hearing. The district court reasoned that granting

---

[*]Pursuant to 5th Cir. Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. Rule 47.5.4.

Anderson's Motion to Dismiss was appropriate under the abstention doctrine announced by the Supreme Court in <u>Colorado River Water Conservation District v. United States</u>.[1]  Concluding that the district court's ruling is inconsistent with the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them,"[2] as we recently clarified in <u>Black Sea Inv., Ltd., v. United Heritage Corp.</u>,[3] we reverse and remand to the district court for further proceedings.

## I.

### *Facts and Proceedings*

In 1996, Anderson and AFLAC entered into an employment contract entitled "Associate's Agreement."  It contained an arbitration clause which stated that "[a]ny dispute arising under this Agreement, to the maximum extent allowed by applicable law, shall be subject to arbitration, and prior to commencing any court action the parties agree that they shall arbitrate all controversies." Anderson subsequently executed two more contracts with AFLAC, one entitled "Special Projects Coordinator's Agreement" and the other entitled "District Coordinator's Agreement," in both of which the arbitration clause was re-affirmed.

In 1999, Anderson filed a complaint in state court in

---

[1] 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

[2] <u>Id.</u> at 817, 96 S.Ct. 1236.

[3] 204 F.3d 647 (5th Cir. 2000).

Mississippi naming as defendants AFLAC, Life Investors Insurance Company of America ("Life Investors"), Rainmaker Construction L.L.C. ("Rainmaker"), and Victor A. Sheely ("Sheely"). Anderson's state court complaint alleges that in September 1997, AFLAC terminated its agreement with her without sufficient notice or justification, violating her employment contract. Anderson's complaint further alleges that AFLAC, Life Investors, Rainmaker and Sheely, acted as conspirators in all wrongful actions taken against her, and are thus jointly and severally liable for the harm that she suffered.

In response, AFLAC filed a Motion to Compel Arbitration and Motion to Dismiss or, in the alternative, to Stay Proceedings. These motions were argued before the state court in June of 1999, and five days later, AFLAC filed in federal court a Petition to Compel Arbitration, pursuant to 9 U.S.C. § 4, and a Motion for Preliminary Injunction to enjoin Anderson from pursuing her claim in state court. AFLAC then timely filed a notice to remove the state court case to federal court. In an order issued by the district court early the following month, the case removed from state court, was consolidated with AFLAC's federal court motion to compel arbitration.

Shortly thereafter, Anderson filed a motion to remand, and approximately a month after that, AFLAC filed a Motion to Reconsider and Vacate Order Consolidating Cases, which contained a request that the state court case be remanded to the state court.

3

This motion was granted in an order entered at the end of September, 1999. The state court case was remanded but the Motion to Compel Arbitration remained in federal court. Less than two weeks later, Anderson filed a motion in federal court to dismiss AFLAC's federal case. The district court granted Anderson's motion in an Order entered on December 13, 1999 and AFLAC now appeals.

## II.

### *Analysis*

A. Standard of Review

As the district court's decision to dismiss on the basis of the Colorado River abstention doctrine rests on an interpretation of law, our review is de novo.[4]

B. Colorado River Abstention

"The Colorado River abstention doctrine is based on principles of federalism, comity, and conservation of judicial resources. It represents an 'extraordinary and narrow exception' to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'"[5]

> The Supreme Court has not prescribed a "hard and fast rule" governing the appropriateness of Colorado River abstention, but it has set

---

[4] Murphy v. Uncle Ben's, Inc., 168 F.3d 734, 738 (5th Cir. 1999).

[5] Black Sea Inv., Ltd., v. United Heritage Corp., 204 F.3d 647, 650 (5th Cir. 2000) (citations omitted) (referencing Evanston Ins. Co. v. Jimco, Inc., 844 F.2d 1185, 1189 (5th Cir. 1988) and Colorado River, 424 U.S. at 813, 817).

4

forth six factors that may be considered and weighed in determining whether exceptional circumstances exist that would permit a district court to decline exercising jurisdiction: (1) assumption by either court of jurisdiction over a res; (2) the relative inconvenience of the forums; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether and to what extent federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.[6]

"In assessing the propriety of abstention according to these factors, a federal court must keep in mind that 'the balance [should be] heavily weighted in favor of the exercise of jurisdiction.'"[7] Weighing the <u>Colorado River</u> factors with this strong presumption in mind, we conclude that in this case the balance tips decisively against abstention.

(1) *Assumption by Either Court of Jurisdiction Over a Res*

This case "does not involve any res or property over which any court, state or federal, has taken control. ... [T]he absence of this factor weighs against abstention."[8]

(2) *Relative Inconvenience of the Forums*

---

[6] <u>Black Sea</u>, 204 F.3d at 650 (citing <u>Murphy</u>, 168 F.3d at 738).

[7] <u>Black Sea</u>, 204 F.3d at 650 (citing <u>Moses H. Cone Mem. Hosp.</u>, 460 U.S. at 16).

[8] <u>Murphy</u>, 168 F.3d at 738.

5

The federal and state courts are located in close geographic proximity within the state of Mississippi.  This factor thus weighs against abstention.[9]


(3) *Avoidance of Piecemeal Litigation*

With respect to Colorado River abstentions, the concern with piecemeal litigation is less significant with arbitration disputes than with disputes involving a res.  The fact that if AFLAC obtains an arbitration order, Anderson will be forced to resolve some issues with AFLAC in arbitration and to resolve the other issues with AFLAC, Life Investors, Rainmaker, and Sheely in different forums "is not the result of any choice between federal and state courts;  it occurs because the relevant federal law requires piecemeal resolution when necessary to give effect to an arbitration agreement. Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."[10]

Moreover, although avoidance of piecemeal litigation is a legitimate concern in considering abstention, "[t]he real concern at the heart of the third Colorado River factor is . . . the concomitant danger of inconsistent rulings with respect to a piece of property.  When, as here, no court has assumed jurisdiction over

_____

[9] See id; Black Sea, 204 F.3d at 650.

[10] Moses H. Cone Mem. Hosp., 460 U.S. at 20.

6

a disputed res, there is no such danger."[11]  Given the need to balance the above concerns, this factor is neutral with respect to abstention.

### (4) *Order in Which Jurisdiction Was Obtained*

"[P]riority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."[12]  Although the arbitration dispute was first brought in state court, no real progress had been made prior to its removal to federal court.  Similarly, no real progress had been made in federal court prior to the dismissal of AFLAC's Motion to Compel Arbitration.  Finally, no real progress has been made in the related suits that were remanded to state court.  "As the state and federal suits are proceeding at approximately the same pace, this factor weighs against abstention."[13]

### (5) *Whether State or Federal Law Will Be Applied*

AFLAC's Motion to Compel Arbitration arises under federal law, specifically 9 U.S.C. § 4 (the Federal Arbitration Act).  Even were it not the case that federal law governs the issue, however, "our

---

[11] Id.

[12] Moses H. Cone Mem. Hosp., 460 U.S. at 21.

[13] Black Sea, 204 F.3d at 651 (citing Murphy, 168 F.3d at 738-39).

7

task in cases such as this is not to find some substantial reason for the exercise of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional circumstances,' the 'clearest of justifications,' that can suffice under <u>Colorado River</u> to justify the surrender of that jurisdiction."[14]  The district court correctly decided that this factor weighs against abstention.

(6) *Adequate Protection in State Court*

There is no indication in the instant case that AFLAC's interests would not be adequately protected in state court.  It is clear, however, that this factor "can only be a neutral factor or one that weighs against, not for, abstention."[15]  This factor therefore remains neutral.

All six of the <u>Colorado River</u> abstention factors are either neutral with respect to abstention or counsel against it. Considering the strong presumption against <u>Colorado River</u> abstention, it is not appropriate in this case.

III.

*Conclusion*

For the reasons states above, we reverse the district court's

---

[14] <u>Moses H. Cone Mem. Hosp.</u>, 460 U.S. at 26, 103 S.Ct. 927.

[15] <u>Id</u> at 1193.

8

judgment of dismissal and remand this case to that court for further consistent proceedings.

REVERSED AND REMANDED.