Kinman GOUX

v.

**ECKERD CORPORATION and Kevin (Last Name Unknown)**

No. CIV. A. 00–0690.

United States District Court,
W.D. Louisiana,
Alexandria Division.

Oct. 30, 2000.

Scott D. Wilson, Baton Rouge, LA, for Plaintiff.

Gregg R. Kronenberger, Kean Miller et al, Baton Rouge, LA, for Defendants.

## RULING

LITTLE, Chief Judge.

Before the court is the plaintiff's motion to stay proceedings. The motion is denied.

### I.

Plaintiff Kinman Goux alleges that Eckerd Corporation, his prior employer, and Kevin Harrahill, a security guard at Eckerd, are liable under Louisiana law for the torts of intentional infliction of emotional distress, extortion, and false imprisonment, and that Eckerd practiced age and/or dis-

ability discrimination. Goux's claims arise from the events of 29 November 1999, when Harrahill and Nolan Wynn, another security guard, confronted Goux, a pharmacist, about his stealing items from the drugstore where he worked.

Goux filed the current action in the Twelfth Judicial District Court for Avoyelles Parish on 28 February 2000. On 7 April 2000, Eckerd removed to this court on the basis of diversity jurisdiction. On 8 May 2000 Goux filed a motion for leave to file an amended complaint alleging Harrahill, in concert with Eckerd, engaged in a conspiracy to practice age discrimination in employment, in violation of La.Rev.Stat. Ann. § 51:2256 (West 2000). Goux's motion was stricken because he did not attempt to obtain consent from the other parties as required by the local rules, and did not respond to the notice of deficient document pointing out this problem.[1] On 27 September 2000, we denied Goux's motion to remand, finding his claims against Harrahill to be fraudulently joined.

On 31 August 2000, Goux filed a new suit in state court, pressing section 2256 claims against Harrahill and Wynn.[2] Now, Goux argues we should stay proceedings in this court until the state court matter is decided.

## II.

Plaintiff Goux suggests that, for the purposes of judicial economy and efficiency, we stay proceedings in this court until the matter in state court is resolved.

Goux cites a single case, *United States v. $9,041,598.68*, 163 F.3d 238, 251 (5th Cir. 1998), for the proposition that "the power to stay a pending matter derives from a trial court's wide discretion to control the course of litigation". That case is not relevant to Goux's. In *$9,041,598.68* the Fifth Circuit found the district court properly stayed a civil forfeiture proceeding until a related criminal matter concluded. This result was mandated by 18 U.S.C. § 981 and 21 U.S.C. § 881, which apply specifically to forfeiture matters.

 Eckerd suggests we apply the abstention standard recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), which allows abstention in the interest of efficiency and preservation of judicial resources when there are concurrent, potentially duplicative, proceedings in state and federal court. Abstention is the exception, not the rule. *See id.* at 813, 96 S.Ct. 1236. The pendency of a state court action is not a bar to federal proceedings, and a federal court with jurisdiction generally has the obligation to exercise it. *See Moses H. Cone Memorial Hosp. v. Mercury Construction*, 460 U.S. 1, 14–15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Colorado River*, 424 U.S. at 817–18, 96 S.Ct. 1236. The circumstances in which *Colorado River* abstention applies are more limited than in other varieties of abstention.[3]

---

1. On 18 May 2000, Goux filed a motion to withdraw the motion to amend the complaint. In the motion to withdraw and motion to remand, the plaintiff argued his original complaint supported the section 2256 claim. The motion to withdraw was denied because no withdrawal procedure exists. The magistrate's report and recommendation on the motion to remand, which we adopted, suggested the original complaint did not support the section 2256 claim.

2. Plaintiff's new state court complaint names Wynn as a defendant and alleges "The individual defendants, Harrahill and Wynn, conspired with each other and with Eckerd to and did aid and abet each other and defen-

dant Eckerd to engage in age discrimination in employment and are liable to plaintiff under La. R.S. 51:2256". (Pl.'s Reply Mem. in Supp. of Mot. to Stay Proceedings Ex. 1 at 2.) In all other respects, the new complaint is identical to the one filed on 28 February 2000. Plaintiff's proposed amended complaint in this court only added the section 2256 claim against Harrahill.

3. For instance, in *Pullman* abstention the existence of an unresolved state law issue increases comity concerns. *See Moses*, 460 U.S. at 9–16, 103 S.Ct. 927. Neither party in the current case suggests an approach other than that of *Colorado River*, although plaintiff states "he is not asking the court to abstain in

■ Several factors may support *Colorado River* abstention: (1) the state court is the first to assume jurisdiction over property that is the subject of the suit, (2) the federal forum is inconvenient, (3) piecemeal litigation develops without abstention, (4) the state court obtained jurisdiction first, (5) state rather than federal law provides the rule of decision on the merits, and (6) state proceedings adequately protect the rights of the party invoking federal jurisdiction. The importance of each factor varies with the facts of the case at issue. *See Moses,* 460 U.S. at 15–16, 103 S.Ct. 927; *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. 1236; *Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650–51.

■ This case does not involve jurisdiction over any property. The state and federal fora do not vary in terms of convenience. Any fragmentation of the litigation regarding the plaintiff's interrogation is his own fault. If he amended his complaint properly in the current action, and his section 2256 claims had merit, this entire matter would be remanded to state court, and Goux would be able to pursue all his claims there, as he apparently would prefer. Instead he chose to file a second action. Also, unlike the *Colorado River* litigation, which involved the water rights of over one thousand parties, this case involves relatively simple facts and claims. Next, the action in this court began prior to that now in state court. Goux's claims are governed purely by state law, but the absence of a federal question does not support abstention. *See Black Sea,* 204 F.3d at 651. Finally, the sixth factor may weigh against abstention, but cannot support it. *See id.*

Accordingly, we decline to abstain. Plaintiff's motion for a stay is denied.

this matter but merely to exercise its wide ranging control over its docket''. (Pl.'s Reply Mem. in Supp. of Mot. to Stay Proceedings at 2.)