EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,

v.

PALAFOX HOSPITALITY, LTD. d/b/a
La Posada Hotel/Suites,
Defendant.

No. CIV.A. L–01–38.

United States District Court,
S.D. Texas,
Laredo Division.

Sept. 19, 2001.

Selena N. Solis, San Antonio, TX, for plaintiff.

Gregory Gannon, Lane Gannon et al., San Antonio, TX, for defendant.

## *ORDER*

ARCE–FLORES, United States Magistrate Judge.

Pending before this Court is Defendant's Motion to Stay Proceedings. Also pending before this court is Plaintiff's Motion to Strike. For the reasons outlined below, the Motion to Stay Proceedings is DENIED. Upon denial of Defendant's motion, the Plaintiff's Motion to Strike becomes moot. Therefore, Plaintiff's motion is DENIED.

On December 14, 2000, Corina Uribe filed suit in state court against the Defendant, alleging sexual harassment, sexual discrimination, retaliation, and intentional infliction of emotional distress. Plaintiff Corina Uribe alleges that her claims arose during the time of her employment with Defendant. This suit is based on an individual claim and only monetary damages are sought.

On March 7, 2001, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this civil action in the interest of Corina Uribe. This action is based on violations of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct alleged unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Corina Uribe and other similarly situated individuals, who were adversely affected by such policies. Specifically, Plaintiff alleges that Defendant's General Manager, a male, sexually harassed Corina Uribe and other females while employed by Defendant. The Plaintiff claims that the harassment was so severe and pervasive that it created an

abusive work environment, which forced several female employees to resign. The EEOC's claim seeks both monetary and injunctive relief.

■ At issue is whether federal abstention is warranted in light of the pending state proceeding. Abstention represents an "extraordinary and narrow exception" to the "virtually unflagging obligation" of the federal courts to exercise their jurisdiction over actions properly before them. *Colorado River Water Conservation District v. U.S.*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976). In limited circumstances, the federal courts possess authority to decline to assert their jurisdiction on the basis of "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) (quoting *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236).

■ In *Colorado River*, the Supreme Court held that in "exceptional" circumstances, a federal court may abstain from decision in an action based on the existence of a parallel state action. See *Colorado River*, 424 U.S. at 817–19, 96 S.Ct. 1236. In determining whether this exception is applicable, the court should consider the following factors: (1) whether the controversy involves property over which one of the courts has assumed jurisdiction, see *id.* at 818, 96 S.Ct. 1236; (2) whether one forum is more convenient than the other, see *id.*; (3) whether abstention will avoid piecemeal litigation, see *id.*; (4) the order in which the actions were filed, see *id.*, and whether proceedings have advanced more in one forum than in the other, see *Moses Cone*, 460 U.S. at 22, 103 S.Ct. 927; (5) whether federal or state law provides the rule of decision, see *id.* at 23, 25–26, 103 S.Ct. 927; and (6) whether the state proce-

dures are adequate to protect the plaintiff's federal rights, see *id.* at 26–27, 103 S.Ct. 927.

■ It is important to note, however, that this so-called "exceptional circumstances test" is not subject to precise rules, but rather should "be applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses Cone*, 460 U.S. at 21, 103 S.Ct. 927. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required. Only the clearest of justifications will warrant dismissal." *Id.* at 15–16, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (quoting *Colorado River*, 424 U.S. at 818–19, 96 S.Ct. 1236, 47 L.Ed.2d 483). Moreover, when determining the appropriateness of abstention according to these factors, a federal court should keep in mind that "the balance [is] heavily weighted in favor of the exercise of jurisdiction." *Moses Cone*, 460 U.S. at 16, 103 S.Ct. 927, 74 L.Ed.2d 765. In applying the *Colorado River* factors to this case, it is apparent that the balance tips in favor of federal jurisdiction.

First, it is clear that in this case there is no *res* or property over which any court, state or federal, has taken control. "[T]he absence of this factor weighs against federal abstention." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir.1999); *Village of Westfield v. Welch's*, 170 F.3d 116, 122 (2d Cir.1999)("[T]he absence of a res point[s] toward [the] exercise of federal jurisdiction.").

Second, with regard to the second *Colorado River* factor, "where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." *Village of Westfield*, 170 F.3d at 122. Because the federal and state

courts are in the same geographic location within the state, i.e. Webb County, this factor weighs against abstention. *Black Sea Investment, Ltd. v. United Heritage Corp.*, 204 F.3d 647–650 (5th Cir.2000).

The third *Colorado River* factor, the desirability of avoiding piecemeal litigation, seemingly weighs in favor of abstention. The state claim arises from the same factual nexus as the facts alleged before this Court. The alleged misconduct (sexual harassment, sexual discrimination, and retaliation) giving rise to the Title VII claims here, are the same supporting the state causes of action in Webb County. "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the ... proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *National Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir.1997). Certainly, duplicative or piecemeal litigation is ordinarily to be avoided. But duplicative litigation is not a factor to be considered in assessing the propriety of abstention. "Duplicative litigation, wasteful though it may be, is a necessary cost of our nation's maintenance of two separate and distinct judicial systems possessed of frequently overlapping jurisdiction. The real concern at the heart of the third Colorado River factor is the avoidance of piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property. When, [ ] no court has assumed jurisdiction over a disputed res, there is no such danger." *Black Sea*, 204 F.3d at 650–651. Accordingly, this factor also weighs against abstention.

Moreover, with regard to the fourth *Colorado River* factor, it is well established that "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two ac-

tions." *Moses Cone*, 460 U.S. at 21, 103 S.Ct. 927, 74 L.Ed.2d 765. Although the state complaint preceded the federal complaint, it appears from the filings that the state and federal suits are proceeding at approximately the same pace, i.e. there has been no substantial progress in the state case, a fact that weighs against abstention.

Furthermore, concerning the fifth *Colorado River* factor, whether state or federal law will be applied, the plaintiff correctly notes that "The presence of a federal law issue 'must always be a major consideration weighing against surrender of jurisdiction,' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Moses Cone*, 460 U.S. at 26, 103 S.Ct. at 942. The instant case involves issues of federal law which cannot be remedied in the parallel state action. Plaintiff's suit seeks relief afforded under the provisions of Title VII. The causes of action which are controlled by state law do not present the requisite "exceptional circumstances," or the "clearest of justifications," to justify federal abstention.

Finally, it is not clear whether the Plaintiff's interests would be adequately protected in state court. Indeed, as the Plaintiff noted:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court action will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this it would be a serious abuse of discretion to grant the stay or dismissal at all.

Because of the uncertainty in the instant case, this factor also weighs against abstention.

In sum, it is apparent that the *Colorado River* abstention factors weigh heavily in

favor of the exercise of jurisdiction. It is the opinion of this Court that *Colorado River* abstention in this case would be inappropriate. Consequently, Defendant's request to stay the proceedings is not warranted. Upon denial, the Plaintiff's Motion to Strike becomes moot.