IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10443
Summary Calendar

_____

THERESA EDNA HADD,

                                                   Plaintiff-Appellant

DAVID L. SMITH,

                                                   Appellant

                    V.

LSG-SKY CHEFS; LSG/SKY CHEFS, INC. WORK-RELATED INJURY PLAN;
LINDSEY MORDEN CLAIMS MANAGEMENT, INC.; WORK-RELATED INJURY
PLAN; CUNNINGHAM LINDSEY CLAIMS MANAGEMENT, INC,

                                                   Defendants-Appellees

-------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
-------------------------------------------------------------

November 15, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:

In this civil rights case, plaintiff and her disbarred attorney appeal the district court's entry of

summary judgment in favor of defendants.  For the reasons that follow, we dismiss the attorney's

appeal and affirm the district court's ruling.

## I.  *Facts*

Plaintiff Theresa Edna Hadd ("Hadd") filed suit against defendants LSG-Sky Chefs, LSG/Sky

Chefs, Inc. Work-Related Injury Plan, Lindsey Morden Claims Management, Inc., Work-Related Injury Plan, Cunningham Claims Management, Inc. (collectively, "Sky Chefs"), alleging violations of various state and federal laws stemming from her termination after she developed carpal tunnel syndrome. Her ill-chosen counsel in this matter was David L. Smith ("Smith"), who had been disbarred in several jurisdictions, including the United States Court of Appeals for the Tenth Circuit, the United States Supreme Court, and the Supreme Court of Colorado. Under the local rules in the Northern District of Texas–where this suit was filed–Smith was required to notify the court of these disciplinary actions so that it could determine whether to impose reciprocal discipline based on his previous disbarments. *See* N.D. Tex. Civ. R. 83.8(d). When he failed to provide notification, counsel for Sky Chefs reported him and moved for disqualification. Sky Chefs then moved for summary judgment on all claims, and Hadd, still represented by Smith, filed her response. Before ruling on the summary judgment motion, however, the court ordered a temporary stay pending the resolution of the disbarment proceedings already underway.

Meanwhile, the Northern District of Texas began disciplinary proceedings to determine whether Smith's membership in the bar should be automatically revoked pursuant to N.D. Tex. Civ. R. 83.8(a). After conducting a hearing and reviewing the underlying records from the Tenth Circuit, a three-judge panel disbarred Smith. The district court then vacated the stay in the present case, removed Smith, and directed Hadd to provide written notification whether she intended to proceed pro se. It also noted that because Smith had written the response to Sky Chefs' summary judgment motion, it was inclined not to consider it and suggested that Hadd file an amended response. Hadd filed an affidavit stating that she did not have enough money to hire substitute counsel and lacked sufficient legal knowledge to proceed pro se. Treating Hadd as a pro se litigant, the court then

2

decided that it would in fact allow her to rely on the previously filed response. After considering the motion, the court entered summary judgment in favor of Sky Chefs.

## II.  *Motion to Dismiss Smith's Appeal*

Describing himself as Pro Se Attorney-Appellant, Smith has joined Hadd in this appeal. Sky Chefs moves to dismiss Smith on the ground that he was neither a party to the underlying lawsuit or to the judgment in the district court. Smith argues that the district court's actions in staying the case, removing Smith as counsel, and dismissing the case with prejudice effectively denied Hadd her First Amendment right of access to the federal courts. This deprivation, according to Smith, is inextricably tied to the court's alleged violation of Smith's own Fifth Amendment due process rights, thereby allowing him to appeal the court's order as a non-party attorney. Smith cites no authority, however, for this novel theory. Indeed, "[i]t is well-settled that one who is not a party to a lawsuit, or has not properly become a party, has no right to appeal a judgment entered in that suit." *Edwards v. City of Houston*, 78 F.3d 983, 993 (5ᵗʰ Cir. 1996) (en banc). To the extent that Smith complains about the attorney discipline proceedings, the proper vehicle for those complaints is a separate appeal from the disbarment order, which he has already filed. *See In re Smith*, 01-10011 (5ᵗʰ Cir. filed Jan. 3, 2001). Accordingly, because Smith is not a proper party to the present appeal, we grant Sky Chefs' motion to dismiss with prejudice.

## III.  *Hadd's Appeal*

Hadd contends that the district court erred by (1) imposing an indefinite stay pending resolution of the disbarment proceedings; (2) ordering Smith removed as counsel after participating in the three-judge panel that disbarred Smith; and (3) dismissing the case with prejudice despite Hadd's affidavit stating that she was unable to hire substitute counsel and incompetent to proceed

3

pro se.[1]  We address these arguments in turn.

## A.    *The Stay*

Regarding the first point of error, Hadd argues that the district court's imposition of the stay effectively revoked Smith's membership in the bar, thereby denying Hadd access to the federal courts. We review a district court's decision on whether to stay proceedings for abuse of discretion.  *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000).  It is beyond peradventure that the court did not abuse its discretion in staying the case.  Smith had been disbarred in several other jurisdictions, and under the local rules was to receive reciprocal discipline in the Northern District of Texas.  In fact, the only reason the case progressed as far as it did with Smith as counsel is that Smith failed to notify the court of his disbarment in violation of the local rules.  Given Smith's failure to comply with the local rules, the court had little choice except to issue a stay pending the resolution of the disbarment proceedings.  Moreover, Smith's contention that the issuance of the temporary stay effectively revoked his membership in the bar is a gross exaggeration, as the present case had no bearing on Smith's disbarment, which was conducted as a wholly separate case.  Finally, even if the temporary stay effectively ended Smith's involvement in this action, it did not deprive Hadd of access to the federal courts.  After Smith was removed from the case, Hadd was allowed to maintain her action in the district court, and was even given the benefit of using the summary judgment response written by Smith.  It is therefore difficult to imagine how Hadd suffered *any* prejudice from Smith's removal, much less a total deprivation of access to the courts.

## B.    *Disbarment Proceedings*

---

[1]Hadd devotes a majority of her brief, which was written by Smith, to issues surrounding the attorney discipline proceedings.  As we have already indicated, these issues are best left to Smith's own appeal of his disbarment, which is not presently before us.

Hadd also argues that she was the victim of a conspiracy between the judges of the Northern District of Texas in an effort to give opposing counsel a tactical advantage over Smith. Specifically, she complains that Judge Terry R. Means ("Judge Means"), who presided over the case at the district court, ignored opposing counsel's violation of N.D. Tex. Civ. R. 83.8(b). She does not explain, however, how any of the actions of counsel for Sky Chefs, including their reporting of Smith to the court, violated local rule 83.8(b), or how such a violation prejudiced her. Moreover, she suggests that the three-judge panel who disbarred Smith was biased because it included Judge Means and Judge Sidney A. Fitzwater ("Judge Fitzwater"), who presided over another of Smith's cases. Hadd further contends that Chief Judge Jerry Buchmeyer ("Chief Judge Buchmeyer") participated in this conspiracy by failing to rule on Smith's motion to disqualify Judges Means and Fitzwater because of their participation in Smith's cases. In response to these fantastical accusations, we reiterate that this appeal is not the proper vehicle for challenging the disbarment proceedings. To the extent that Hadd complains that the presence of Judges Means and Fitzwater on the three-judge panel caused *her* prejudice, we note that the type of bias requiring a judge's disqualification must stem from an extra-judicial source. *See U.S. v. MMR Corp.*, 954 F.2d 1040, 1046 (5th Cir. 1992). Familiarity with the facts or parties of a case "that arises from earlier participation in judicial proceedings is not sufficient to disqualify a judge from presiding at a later trial." *U.S. v. Chavis*, 772 F.2d 100, 104 (5th Cir. 1985). In light of Hadd's inability to point to any extra-judicial bias on the part of the three-judge panel or to articulate how any such bias affected her own case instead of Smith's disbarment, Hadd's argument on this issue is untenable.

### C.    *Hadd's Affidavit*

Finally, Hadd argues that the district court erred by ignoring her affidavit stating that she

could not afford substitute counsel and that she was not competent to proceed pro se. First, we note that the district court did not ignore Hadd's affidavit, and in fact specifically referred to it in its order granting Sky Chefs' motion for summary judgment. Second, even if the court did err somehow in its consideration of the affidavit, such an error is unquestionably harmless. After Smith's disbarment, Hadd certainly had no right to continued reliance on his services. Furthermore, as this was a civil case, she did not enjoy a right to counsel, regardless of her legal sophistication. *See Castro Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001) (holding that there is no automatic right to appointment of counsel in civil rights cases). Finally, despite the lack of any requirement to do so, the court was extremely solicitous of Hadd's situation. It allowed her thirty days to notify the court of her intention to proceed pro se and extra time after that to file an amended response to Sky Chefs' summary judgment motion. Moreover, although it initially hesitated, the court ultimately considered Hadd's previously filed response, which had been written by Smith. Accordingly, given the court's firm legal basis for removing Smith and the absence of any requirement to appoint counsel for Hadd, in addition to its accommodation of her situation after Smith's disbarment, we reject Hadd's appeal on this issue.

## IV.  *Conclusion*

Smith is not a proper party to this appeal and Hadd's claims lack merit. Accordingly, we DISMISS Smith's appeal and AFFIRM the district court's grant of summary judgment in favor of Sky Chefs.