United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 1, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-60738
Summary Calendar

_____

WILLIAM RAY COLLINS,

Petitioner-

Appellant,

versus

DOLAN WALLER, Warden, Wilkinson County Correctional Facility,

Respondent-Appellee.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:03-CV-304-R-Ro
-------------------------------------------------------------------

Before WIENER, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

William Ray Collins, Mississippi prisoner # 56532, seeks a certificate of appealability (COA)

to appeal the district court's <u>sua sponte</u> dismissal of his 28 U.S.C. § 2254 petition, which Collins filed

to challenge his conviction for armed robbery.   For the reasons stated below, we grant COA,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

VACATE the judgment of the district court, and REMAND to the district court with instructions to consider all of the grounds for relief asserted in Collins's petition.

Collins's petition asserted 10 grounds for relief. As to three claims raised by Collins on direct review, the district court denied relief because the claims were unexhausted and Collins was procedurally barred from pursuing the claims in state court. As to six additional claims which Mississippi courts dismissed as procedurally barred in post-conviction proceedings, the district court denied relief because there was an adequate and independent state ground. The district court did not address Collins's remaining ground for relief, in which he claimed that his appellate counsel had rendered ineffective assistance.

As to his claim that appellate counsel rendered ineffective assistance, Collins argues that he is entitled to a COA because the district court did not address the claim. Because the district court's memorandum and orders do not address Collins's claim of ineffective assistance of appellate counsel, we GRANT COA as to this claim. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Collins argues that the death of his appellate counsel during the pendency of his direct appeal and the alleged failure of the Mississippi Supreme Court to appoint counsel caused his failure to exhaust the claims asserted on direct appeal. With respect to the six grounds for relief dismissed based on the existence of an independent and adequate state ground, Collins argues that his appellate counsel should have raised these claims on direct review.

Ineffective assistance of counsel can constitute cause for a procedural default. See Murray v. Carrier, 477 U.S. 478, 488 (1986). A determination that appellate counsel was ineffective could affect the district court's determination as to its procedural dismissal on one or more of the nine

remaining grounds for relief.  Accordingly, Collins's request for a COA is GRANTED as to the remaining nine claims.

In order to avoid piecemeal litigation and "the concomitant danger of inconsistent rulings" present therein, see Black Sea Inv., Ltd. v. United Heritage Corp., 204 F.3d 647, 650-51 (5th Cir. 2000), we VACATE the district court's judgment in its entirety and REMAND with instructions to consider all of the grounds for relief set forth in Collins's 28 U.S.C. § 2254 petition.

COA GRANTED; VACATED AND REMANDED WITH INSTRUCTIONS.