United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-30571

AMERICAN GUARANTEE & LIABILITY INSURANCE
COMPANY, a New York Corporation; ZURICH AMERICAN
INSURANCE COMPANY, a New York Corporation , as
Successor to Zurich Insurance Company, U. S. Branch,

Plaintiffs-Counter Defendants-Appellants,

versus

ANCO INSULATIONS, INC., a Louisiana Corporation,

Defendant-Counter Claimant- Appellee,

versus

ROYAL INDEMNITY COMPANY, a Delaware Corporation,

Defendant-Apellant.

– – – – – – – – – – – – – – – – – –

ANCO INSULATIONS, INC.

Plaintiff-Appellee,

versus

ZURICH AMERICAN INSURANCE COMPANY;
AMERICAN GUARANTEE & LIABILITY INSURANCE
COMPANY,

Defendants-Appellants.

Appeals from the United States District Court for
the Middle District of Louisiana

_____

Before REAVLEY, JONES and GARZA, Circuit Judges.

REAVLEY, Circuit Judge:

American Guarantee & Liability Insurance Co. and Zurich American

Insurance Co. (collectively "Zurich")[1] and Royal Indemnity Company ("Royal")

appeal the district court's decision to stay their suit for declaratory relief and

restitution against Anco Insulations, Inc. ("Anco") pending the outcome of a state

proceeding involving Zurich and Anco which encompasses some common issues.

Zurich also asks this court to rule on its motion for partial summary judgment which

was pending in the district court at the time it issued its stay order. We vacate the

stay order and remand.

The district court's jurisdiction was premised on diversity.[2] Although the stay

order did not terminate federal proceedings, it is appealable under 28 U.S.C. § 1291

as a collateral order if it conclusively determined a disputed question which is

---

[1] American Guarantee & Liability Insurance Co. is a wholly-owned subsidiary of
Zurich American Insurance Co.

[2] 28 U.S.C. § 1332.

2

separate from the merits and which cannot be reviewed on appeal from a final judgment.[3]

By granting the stay, the district court surrendered determination of issues common to the federal and state suits to the state court—the state court's resolution of those issues will have preclusive effect in the federal court once the stay is lifted. The stay is therefore an important issue separate from the merits, because it amounts to "a refusal to adjudicate the merits" of the common issues.[4] The preclusive effect of the state court's decision will also foreclose federal review of the common issues.[5] And because there is no indication that the district court intends to revisit its decision to stay the case, the stay order is a conclusive determination.[6] Thus, the order is within this court's jurisdiction as an appealable collateral order.

We review a district court's decision to stay a federal suit pending the outcome of state proceedings for abuse of discretion and any legal interpretation underpinning that decision *de novo*.[7] One of two standards governs the propriety of

---

[3] *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978).

[4] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983).

[5] *Id.*

[6] *Id.* at 12-13.

[7] *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649-50 (5th Cir. 2000).

a decision to stay based on considerations of wise judicial administration, depending on whether the federal suit is purely declaratory or seeks other relief.[8]  If the federal suit seeks only a declaration of rights, the district court's discretion to stay or dismiss the suit is governed by a standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942).[9]  If the suit involves a request for monetary or other relief, the district court's discretion to stay is "narrowly circumscribed" by its obligation to hear cases within its jurisdiction, even if declaratory relief is also requested, and the propriety of a stay is governed by the "exceptional circumstances" standard of *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-19 (1976).[10]  *Colorado River* discretion to stay is available only where the state and federal proceedings are parallel—i.e.,

---

[8] *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).

[9] *Id.*; *see Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (holding that *Brillhart* governs the propriety of a district court's decision to stay a declaratory judgment action); *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 389-392 (5th Cir. 2003) (discussing multi-factor analysis governing a district court's decisions about the propriety of hearing a declaratory judgment action developed following *Brillhart* in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).

[10] *Southwind*, 23 F.3d at 951; *see also Diamond Offshore Co. v. A & B Builders, Inc.*, 302 F.3d 531, 538-41 (5th Cir. 2002) (citing *Colo. River*, 424 U.S. at 817, and *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)); *Black Sea*, 204 F.3d at 652.

4

where the two suits involve the same parties and the same issues.[11]

It is unclear whether the district court followed the *Colorado River* standard in deciding to enter the stay or believed that the *Brillhart* standard applied. The court had previously denied Anco's request that the court dismiss the case pursuant to *Burford* or *Colorado River* abstention, but it is unclear whether it had *Brillhart* or *Colorado River* in mind in staying the case.[12] The court may have believed that it had greater discretion to stay under *Colorado River* than it had to dismiss.[13] However, the Supreme Court has held that the exceptional circumstances test applies regardless of whether the district court dismisses or merely stays a case.[14]

We conclude that, regardless of whether the district court applied the

---

[11] *Diamond Offshore*, 302 F.3d at 540. If the proceedings are parallel, the court must engage in a multi-factor analysis to determine whether exceptional circumstances support deference to the state court. *Moses H. Cone*, 460 U.S. at 15-16; *Black Sea*, 204 F.3d at 650. Those factors include: (1) either court's assumption of jurisdiction over a res; (2) the relative convenience of the fora; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained in the fora; (5) whether and to what extent federal law governs the case; and (6) the adequacy of the state proceeding. *Id*.

[12] Dist. Ct. Order of May 18, 2004 at 4 ("All things considered, the court finds, based on concerns of fairness and efficiency, that this case should be stayed during the pendency of the [state] litigation. While that litigation may not resolve all issues in this matter, it will certainly resolve many of them and will certainly avoid conflicting rulings.").

[13] *Id*. ("[D]ismissing [a] federal case pursuant to *Colorado River* abstention . . . is very different from deciding whether to grant a motion to stay.").

[14] *Moses H. Cone*, 460 U.S. at 27-28.

*Brillhart* or *Colorado River* standard, its grant of the stay was an abuse of

discretion.  Here, Zurich seeks both a declaration of its rights and liabilities under

insurance policies issued to Anco as well as restitution for amounts it paid to defend

or indemnify Anco that it alleges exceeded the policies' limits.  The district court's

discretion to stay based only on concerns of wise judicial administration was

therefore governed by the *Colorado River* standard, and application of the *Brillhart*

standard was inappropriate.[15]  In addition, as the court noted in denying Anco's

request for dismissal, the federal and state proceedings are not parallel.[16]  While the

two suits share some issues between Zurich and Anco, Royal is not a party to the

state suit.  In addition, the state action does not encompass Zurich's claim for

---

[15] *Black Sea*, 204 F.3d at 652; Dist. Ct. Order of May 18, 2004 at 4 (basing its decision on "concerns of fairness and efficiency").  Although Anco argues that Zurich's restitution claim is merely ancillary to its declaratory relief claim, it has made no showing that the restitution claim is "frivolous or premature or otherwise wanting in equity," and that the case should thus be viewed as a solely declaratory action. *See id.*  As we stated in *Black Sea*, it is immaterial that the restitution claim may be ancillary to the declaratory claim—the only potential exception to the applicability of the exceptional circumstances standard in cases requesting both declaratory and other relief exists "when a party's request for [other] relief is either frivolous or is made solely to avoid application of the Brillhart standard." *Id.*; *see also Diamond Offshore*, 302 F.3d at 539 n.5.

[16] Dist. Ct. Order of July 10, 2003 at 9 (stating that the federal action is "clearly different from the state court tort action.  Each case involves different parties, claims, and relevant dates and policy periods.  Although . . . there does exist some overlap between the two lawsuits, the proceedings in this court are far more encompassing.  Further, Zurich seeks to determine its rights in this matter relative not only to its insured but to its insured's other insurers for other policy periods.  The proceedings are not parallel and thus abstention based on Colorado River is inappropriate in this matter.").

restitution. The court thus lacked discretion under *Colorado River* to stay in favor of the state suit.

In sum, the district court's stay of Zurich's federal suit in favor of a non-parallel pending state suit was an abuse of discretion. We therefore VACATE the stay order and REMAND the case for further proceedings.[17]

---

[17] We decline to consider Zurich's motion for partial summary judgment. In *Moses H. Cone*, the Court approved of the Fourth Circuit's decision to rule on the construction company's motion to compel arbitration, even though the district court had not ruled on the motion before staying the case. *Moses H. Cone*, 460 U.S. at 29. However, the Court stated that "[o]rdinarily, we would not expect the Court of Appeals to pass on issues not decided by the District Court." *Id.* The Court approved of the Fourth Circuit's resolution of the issue only because of the special policy favoring quick resolution of motions to compel arbitration under the Arbitration Act. *Id.* No such special policy is involved in Zurich's motion for partial summary judgment. We therefore leave the motion for the district court to consider in the first instance. *See id.* at 36 (Rehnquist, J., dissenting) (stating that a federal court of appeals lacks authority to decide motions for summary judgment not passed on by the district court).