**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-60465

AMERICAN RELIABLE INSURANCE COMPANY

Plaintiff - Appellee

v.

ELIZABETH CAROL CLIBURN, In Her Capacity as Guardian of the Persons
and Estates of Michelle Lynn Cole, a minor, Gary Brandon Cole, a minor,
Ashley Victoria Cole, a minor, Jarrett Boyd Cole, a minor, and In Her
Capacity as Guardian of the Person and Estate of Erika Lakrista Lynn Cole,
a minor and as Administratrix of the Estate of Gary Lynn Cole, deceased and
on Behalf of All Wrongful Death Beneficiaries of Gary Lynn Cole, deceased;
LINDA WHITE, Guardian of the Person and Estate of Erika Lakrista Lynn
Cole, a minor

Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-62

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Elizabeth Carol Cliburn ("Cliburn"), as guardian of

Gary Lynn Cole's minor children and administratrix of his estate, appeals the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's grant of declaratory relief in favor of American Reliable Insurance Company ("American Reliable"). A grant of declaratory relief is reviewed for an abuse of discretion. *See United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 569 (5th Cir. 2005). However, to the extent that the decision rests on an interpretation of law, the court's review is de novo. *See Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). For the following reasons, we AFFIRM the district court's grant of declaratory relief.

On November 2, 2000, Gary Lynn Cole ("Cole"), Tonya Abel ("Abel"), and their daughter, Erika Lakrista Lynn Cole ("Erika"), were involved in a car accident. Cole and Abel were killed; Erika survived. Including Erika, Cole left behind five minor children, the defendants in this case. As a result of the accident, Cliburn, in her capacity as guardian and administratrix, instituted a wrongful death action against Cole's employer, GRT, Inc. ("GRT"), in state court. GRT demanded that American Reliable, with whom it had a Commercial Truck Policy ("Policy"), provide for GRT's defense and pay for any resulting liability. American Reliable promptly instituted this declaratory judgment action in the district court, seeking a determination of the scope of the Policy's coverage.

The material facts in this case are undisputed. In October 2000, an eighteen-wheeler owned by GRT for use in hauling farm products became disabled. In order to make the repairs, GRT directed its truck driver, Cole, to haul the eighteen-wheeler's transmission to Florida to be exchanged for a new one, which Cole would transport back to GRT. GRT borrowed a pickup truck from its manager, Robert Parker, for Cole's use in making the trip. Despite instructions to travel alone, Cole decided to bring Abel and their daughter Erika. At some point during the trip Abel was driving and lost control, causing the pickup truck to crash and fatally injuring both Cole and Abel. Erika survived. The question in this declaratory relief action is whether there is coverage for the alleged wrongful death of Cole under American Reliable's policy with GRT.

2

The Policy issued by American Reliable and held by GRT is a liability policy covering specifically listed vehicles.[1] According to its terms, American Reliable is obligated to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." In addition to the eighteen-wheeler, the term "covered autos" includes certain trailers, mobile equipment, and temporary substitute vehicles, as defined in the policy. This coverage is subject to a number of exclusions. Relevant to this case is the exclusion entitled "Employee Indemnification and Employer's Liability", which excludes "'[b]odily injury'" to "[a]n 'employee' of the 'insured' arising out of and in the course of: (1) Employment by the 'insured'; or (2) Performing the duties related to the conduct of the 'insured's' business . . . ."[2]

Counsel for Cliburn has argued, ably and forcefully, that while the pickup truck was not a listed vehicle, coverage may nevertheless extend to the accident either because the pickup qualifies as a temporary substitute vehicle or because the accident occurred as a "result" of the maintenance of the eighteen-wheeler. However, if Cole falls under the employee exclusion the scopes of these coverage provisions are irrelevant. We thus turn to this issue first and find Cole's injuries to be clearly excluded from coverage under this insurance policy.

There appears to be no dispute that Cole was a regular, permanent truck driver employee of GRT for the purposes of intra and interstate trucking. Appellants contend, however, that on this trip Cole was not paid wages and consequently he was not "employed" by GRT at the time of the accident. Accordingly, they argue, he did not fall under the employee exemption at the

---

[1] The only listed vehicle is the broken down eighteen-wheeler.

[2] This exclusion applies "[w]hether the 'insured' may be liable as an employer or in any other capacity."

time of the accident.[3] We find this distinction to be immaterial under the language of the policy.

The language in the employee exclusion is broad. By its terms it excludes not only bodily injury to employees arising out of and in the course of "employment" but also injuries that arise out of and in the course of "[p]erforming the duties related to the conduct of the 'insured's' business." Even if Cole was only paid $300.00 "to cover expenses" for the purposes of the Florida trip, the trip constituted no break in his employment with GRT and he remained an employee in this interim time. Thus, because his injuries arose while performing duties related to the conduct of GRT's business he was excluded from coverage under the policy. No amount of strict construction "against the insurer" on this exclusion can change these words' "clear and unambiguous" meaning. *Titan Indem. Co. v. Estes*, 825 So. 2d 651, 656 (Miss. 2002) ("Although ambiguities in an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured."). This is not a case where Cole made the trip on his own initiative. He was requested to do so by GRT. GRT furnished a pickup truck. GRT was the sole beneficiary of the mission. GRT gave him $300.00 in travel expenses up front, and the evidence shows that it intended to pay him when he returned based on the time the trip took. In short, he was an employee of GRT on a mission for GRT and as such the policy exclusion applies to his injuries.

Our interpretation of this exclusion provision means we need not resolve the more difficult issues regarding the scope of the coverage provisions. Accordingly, the district court's grant of declaratory relief is

AFFIRMED.

---

[3] The appellee argues that Cole would have been paid had the journey been completed successfully. This is the closest this case comes to presenting an issue of disputed fact.