United States Court of Appeals,

Fifth Circuit.

No. 93-7640.

Summary Calendar.

SOUTHWIND AVIATION, INC., Plaintiff-Appellant,

v.

BERGEN AVIATION, INC., et al., Defendants.

Bergen Aviation, Inc., Defendant-Appellant.

June 27, 1994.

Appeal from the United States District Court For the Southern District of Texas.

Before JOLLY, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Southwind Aviation, Inc. ("Southwind") sued to collect on a contract and to seek a determination of its rights as a lien-holder and as a possible beneficiary of an insurance policy. Mistakenly characterizing this as a declaratory judgment action, the district court[1] concluded that abstention was warranted by the presence of ongoing state litigation involving the same subject matter, issues, and essentially the same parties. Accordingly, the district court dismissed Southwind's suit after applying the abstention standards for declaratory judgment actions. As Southwind seeks various forms of coercive relief, however, the correct inquiry is provided by *Colorado River Water Conservation*

---

[1] The district court referred this case to a magistrate judge, who made findings and recommendations regarding the jurisdiction and abstention issues. These findings and recommendations were eventually adopted by the district court; accordingly, we refer to those findings and recommendations as having been made by the district court.

*District v. United States*[2] and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,*[3] under which only the clearest of justifications warrants abstention. As we conclude that the district court thus applied the wrong standard in deciding to abstain, we reverse and remand.

I

FACTS AND PROCEEDINGS

Southwind entered into a contract with either Bergen Acceptance Corporation ("BAC") or Defendant-Appellee Bergen Aviation, Inc. ("BAI") (collectively, the "Bergen Companies"), or both, to perform certain repairs on a Douglas DC-3 aircraft.[4] The repairs took longer and cost more than originally anticipated. Not surprisingly, disagreements developed between Southwind and the Bergen Companies. Eventually, Southwind sent presuit notice to BAI by certified mail. In this notice, Southwind threatened to take legal action unless certain documents were received by March 5, 1993.

On March 4, 1993—the last day before the threatened suit filing date—BAC (the other Bergen Company) filed suit preemptively in Texas state court. Two months later, BAC's state complaint was amended to add BAI as a plaintiff. In the intervening period,

---

[2]424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

[3]460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983).

[4]The parties disagree over the entity or entities with which Southwind contracted and over the effect, if any, to give the separate legal status of BAI and BAC. Resolution of these issues is unnecessary to this appeal. For purposes of convenience only, we will refer to the entities collectively as the "Bergen Companies."

Southwind had filed suit in federal court against BAI only.[5] Thus, in the state suit both BAC and BAI are plaintiffs and Southwind is the defendant; while in the federal suit Southwind is the plaintiff and BAI is the sole defendant.

Both the federal suit and the state suit involve claims arising out of purported breaches of the contract to repair the DC-3. In the federal suit, Southwind predicated federal subject matter jurisdiction on diversity of citizenship under 28 U.S.C. § 1332. Southwind sued to collect on the contract, to impose a temporary injunction, and to seek a declaration of its rights as a lien-holder and as a possible beneficiary of an insurance policy. Southwind also requested attorney's fees under the applicable state statute. After inquiring into the amount-in-controversy requirement, the district court concluded that it had subject matter jurisdiction over Southwind's suit, and BAI does not challenge this conclusion on appeal.

Despite having jurisdiction, however, the district court decided to abstain. Construing Southwind's suit as a declaratory judgment action, the district court applied the abstention standards applicable to such cases. Specifically, the district court observed that—under our opinion in *Magnolia Marine Transport Co. v. LaPlace Towing Corp.*[6]—such abstention is appropriate when the claims of all parties may be satisfactorily adjudicated in the state court proceeding. As Southwind's and BAI's claims could be

_____

[5]Southwind offers no explanation as to why it has sued only one of the two companies that may be involved in the purported breach of contract.

[6]964 F.2d 1571 (5th Cir.1992).

adequately resolved in the ongoing state court proceeding, the district court concluded that abstention was appropriate here. Consequently, the district court ordered dismissal of Southwind's suit, and Southwind timely appealed.

## II

## DISCUSSION

We apply one of two different tests when reviewing a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation, depending on the substantive nature of the litigation.[7] When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply standards derived from *Brillhart v. Excess Insurance Co. of America.*[8] In *Brillhart* the Supreme Court stated:

> Ordinarily, it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[9]

Consistent with *Brillhart,* abstention from a declaratory judgment action is ordinarily appropriate when the state offers an adequate

---

[7]*E.g., Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 95-96 (5th Cir.), *cert. granted,* --- U.S. ----, 113 S.Ct. 51, 121 L.Ed.2d 21 (1992), *cert. dismissed,* --- U.S. ----, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993) (clarifying that *Brillhart* is the correct standard to apply to decisions to abstain in declaratory judgment actions); *Rowan Cos. v. Griffin,* 876 F.2d 26, 28-29 & n. 2 (5th Cir.1989) (same).

[8]316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *see, e.g., Granite State Ins. Co.,* 986 F.2d at 95-96 (applying *Brillhart* to abstention from a declaratory judgment action).

[9]*Brillhart,* 316 U.S. at 495, 62 S.Ct. at 1175-1176.

alternative forum in which to resolve the particular dispute.[10]

In contrast, when actions involve coercive relief the trial court must apply the standards enunciated by the Court in *Colorado River*[11] and reaffirmed in *Moses H. Cone.*[12]  Although district courts likewise have "discretion" to abstain under these circumstances, such discretion is narrowly circumscribed by—as the Court stated in *Colorado River* —their "virtually unflagging obligation ... to exercise the jurisdiction given them."[13]  Consequently, a district court should abstain under these circumstances only in the "exceptional" case.[14]  The Court reaffirmed *Colorado River* in *Moses H. Cone,* making clear that *Colorado River* states an "exceptional circumstance" test and reiterating that " "*[o]nly the clearest of circumstances will warrant dismissal.*' "[15]

---

[10]*E.g., Magnolia Marine Transport,* 964 F.2d at 1581-82 (concluding that district court abused its discretion in declining to abstain when there was an ongoing state court proceeding that was capable of adequately resolving all issues); *Granite State,* 986 F.2d at 95-96 (affirming abstention from declaratory judgment—abstention premised on presence of ongoing state proceeding capable of resolving all issues);  *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 601-03 (5th Cir.1983) (same).  *Cf., Travelers Ins. Co. v. Louisiana Farm Bureau Federation,* 996 F.2d 774, 778-79 (5th Cir.1993) (abstention inappropriate when declaratory judgment action consolidated several disputes and only matter left in federal court was to resolve one legal question, whereas discovery had not yet started in state action);  *Rowan,* 876 F.2d at 29-30 (remanding because district court did not explain the reasons for its decision to abstain).

[11]424 U.S. 800, 96 S.Ct. 1236.

[12]460 U.S. 1, 103 S.Ct. 927.

[13]*Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246.

[14]*Id.* at 818, 96 S.Ct. at 1246.

[15]*Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937 (emphasis in original) (quoting *Colorado River* at 424 U.S. at 818-19, 96

In the instant case, the district court characterized Southwind's suit as a "declaratory judgment action."  Accordingly, it concluded that abstention by dismissal was appropriate as "all pending issues could be effectively and satisfactorily adjudicated in the state civil action."  But the district court erred as a matter of law in classifying Southwind's suit as a "declaratory judgment action."  Although some of the relief sought by Southwind is declaratory in nature, Southwind also requests coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief.  Inclusion of these coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action.[16]

The district court's mistake in classifying the case as a declaratory judgment action led it to apply the wrong standard. The court has therefore never had an opportunity to exercise its discretion regarding abstention under the appropriate standards. Consequently, we must remand this cause to the district court so that it may decide in the first instance whether abstention is warranted here in light of the appropriate standards of *Colorado*

S.Ct. at 1246-47); *see also, Signad, Inc. v. Sugar Land,* 753 F.2d 1338, 1339-40 (5th Cir.), *cert. denied,* 474 U.S. 822, 106 S.Ct. 75, 88 L.Ed.2d 61 (1985) (reversing district court's decision to abstain because of the lack of exceptional circumstances).

[16]*E.g., Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 295, 63 S.Ct. 1070, 1071, 87 L.Ed. 1407 (1943) (classifying action as a declaratory judgment action because it involved only a declaration of rights);  *Ulstein Maritime, Ltd. v. United States,* 833 F.2d 1052, 1055 (1st Cir.1987) (stating "[a] declaratory judgment states the existing legal rights in controversy, but does not, in itself, coerce any party or enjoin any future action).

*River* and *Moses H. Cone.*[17]

       REVERSED and REMANDED.

---

[17]*See Brillhart,* 316 U.S. at 497-98, 62 S.Ct. at 1176-77 (remanding to district court so that it could exercise its discretion in deciding whether to abstain);  *see also Rowan,* 876 F.2d at 29-30 (remanding to district court to explain the reasons for its decision to abstain).