**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-30384
(Summary Calendar)

_____

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Plaintiff - Appellant,

versus

PEGGY E. STRASSEL,

Defendant,

SANDRA BORDELON; DARREN BORDELON, Individually and
on behalf of their minor child Darren M. Bordelon, Jr.,

Intervenors - Appellees.

Appeal from the United States District Court
For the Eastern District of Louisiana
USDC No. 01-CV-3256-M

December 27, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Liberty Mutual Fire Insurance Company ("Liberty Mutual") appeals the district court's dismissal of its suit, which sought a declaratory judgment that the insurance policy issued to defendant Peggy E. Strassel did not cover the claims asserted against Strassel by intervenors Sandra and Darren Bordelon ("the Bordelons") on behalf of their minor son, Darren M. Bordelon, Jr. In the alternative, Liberty Mutual sought rescission of the policy. This dispute arises out of an incident in which the Bordelons' son was injured while attending a day care center located in Strassel's home. The district court entered a judgment dismissing the suit without prejudice because of the subsequently-filed Louisiana state court action brought by the Bordelsons against Strassel and Liberty Mutual.

A district court's decision not to exercise its jurisdiction is reviewed for an abuse of discretion, while its underlying legal conclusions are reviewed *de novo*. *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 538 (5th Cir. 2002). "We apply one of two different tests when reviewing a district court's exercise of its discretion to abstain because of the presence of ongoing parallel state litigation, depending on the substantive nature of the litigation." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994). When a suit seeks only declaratory relief, the district court has substantial discretion to abstain, providing that it explicitly considers the necessary factors. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 390 (5th Cir. 2001).[1]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Before dismissing a declaratory judgment action, the district court must consider the following factors: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated; (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; (3) whet her the plaintiff engaged in forum shopping in bringing the suit; (4) whether

-2-

Where, however, the action also involves a request for coercive relief, the district court has a "virtually unflagging obligation" to exercise jurisdiction, and abstention is permitted only when the factors set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), indicate that exceptional circumstances are present. *Southwind Aviation*, 23 F.3d at 951.[2]

Because the district court did not indicate which analysis it applied or what factors it considered in deciding to abstain, we conclude that the dismissal of the complaint constituted an abuse of discretion. *See Rowan Cos. v. Griffin*, 876 F.2d 26, 30 (5th Cir. 1989) ("Without an assignment of reasons for the district court's action, we cannot perform the appellate function."); *see, e.g.*, *Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n*, 996 F.2d 774, 778-79 (5th Cir. 1993) ("Based on the clear mandate of *Rowan*, we must find that the district court abused its discretion by failing to individualize its decision by addressing the facts of this case in light of the above-listed abstention factors and the goals of the Declaratory Judgment Act.") (footnote omitted). Accordingly, we VACATE the judgment dismissing Liberty Mutual's suit and REMAND for further proceedings.

---

possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist; (5) whether the federal court is a convenient forum for the parties and witnesses; (6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy; and (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Id.*

[2] "The Supreme Court has identified six factors to consider in determining whether 'exceptional circumstances' exist that permit a court to abstain out of deference to pending state court proceedings: (1) 'assumption by either court of jurisdiction over a res,' (2) 'relative inconvenience of the forums,' (3) 'avoidance of piecemeal litigation,' (4) 'the order in which jurisdiction was obtained by the concurrent forums,' (5) 'to what extent federal law provides the rules of decision on the merits,' and (6) 'the adequacy of the state proceedings in protecting the rights of the party invoking federal jurisdiction.'" *Diamond Offshore Co.*, 302 F.3d at 540 n.6 (quoting *Black Sea Inv. Ltd. v. United Heritage Corp.*, 204 F.3d 647, 650 (5th Cir. 2000)).