United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-60943
Summary Calendar

PROVIDIAN FINANCIAL CORPORATION;
PROVIDIAN BANKCORP SERVICES; PROVIDIAN
NATIONAL BANK; PROVIDIAN BANK,

Plaintiffs-Appellants,

versus

ALICE COLEMAN; THOMAS J. BOYD;
JOHN PERRY; JAMES EDMOND, JR.,
STACY ARRINGTON; DANA O'DELL,

Defendants-Appellees.

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 4:01-CV-338)

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We reverse and remand for further proceedings for the following reasons.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The district court dismissed this suit essentially on grounds that it was an anticipatory declaratory judgment action whose merits were better left to the state courts. The court believed that the standard for determining whether to abstain and dismiss the action was the broad discretionary standard generally applicable to declaratory judgment actions, as expressed in cases such as Brillhart v. Excess Insurance Co. of America, 316 U.S. 491 (1942), and Rowan Cos., Inc. v. Griffin, 876 F.2d 26 (5th Cir. 1989), cited by the district court.

2. The district court expressly held that the more restrictive standard for staying or dismissing an action because of the pendency of a related state court action, as set forth in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976) and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983), was inapplicable. The court held that "'a declaratory judgment action may be dismissed even though it fails to satisfy the stringent Colorado River/Moses Cone 'exceptional circumstances' test.'" Dist. Ct. Opn. at 8 (quoting St. Paul Ins. Co. v. Trejo, 39 F.3d 585, 590 (5th Cir. 1994)).

3. We have held that where, as in this case, a party files a declaratory judgment action, but seeks "coercive relief" in the form of an order compelling arbitration under the Federal Arbitration Act, 9 U.S.C. §§ 1-16, in addition to seeking declaratory relief, the applicable abstention standard is the Colorado River/Moses Cone standard. Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co., 214 F.3d 562, 564 (5th Cir. 2000).

2

4.  Because the district court applied the wrong abstention standard, "we must remand this cause to the district court so that it may decide in the first instance whether abstention is warranted here in light of the appropriate standards of Colorado River and Moses H. Cone." Southwind Aviation, Inc. v. Bergen Aviation, Inc., 23 F.3d 948, 951 (5th Cir. 1994). Our decision is limited to a review of the district court's decision to abstain, and is not intended to express a view on whether Providian is entitled to a declaratory judgment or an order compelling arbitration. We further express no opinion on whether abstention would be warranted under the Colorado River/Moses Cone standard.

REVERSED AND REMANDED.