United States Court of Appeals
Fifth Circuit

**F I L E D**

August 17, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 04-30883
_____

ROBERT TRENT,

Plaintiff-Appellant

versus

NATIONAL CITY BANK OF INDIANA

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CV-2128-C

Before DAVIS, JONES, and GARZA, Circuit Judges.

PER CURIAM:[*]

Robert Trent appeals the district court's order dismissing his claim against National City Bank

of Indiana ("NCBI") on grounds of abstention. Trent argues that the court erred in applying the

*Brillhart* abstention doctrine because his complaint sought both coercive and declaratory relief.

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). He also argues that the district court erred

in applying the factors for abstaining from a federal court action under *Brillhart*.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

This suit arises out of a trust established by Marie Dorothy Koffenberger with NCBI as the trustee. After Koffenberger's death, NCBI sought to wind down the trust to fulfill its administrative duties. Trent, a principal beneficiary of the trust, refused to complete the waiver of accounting requested by NCBI, and filed an "Original Complaint for Declaratory Relief" in federal court. Unaware of the federal suit, NCBI petitioned to have its final accounting of the trust agreement approved by the Marion Superior Court, Probate Division, in Indiana.[1] Several months later, Trent served NCBI with his complaint. At the same time, he filed in the Indiana state court proceeding a petition to rescind the trust agreement and objections to NCBI's accounting. After conducting a trial, the Indiana probate court approved NCBI's amended final accounting and dismissed Trent's petition to rescind. The state court, however, permitted Trent to file an action contesting the validity of the trust agreement.[2] On the same day, Trent filed an "Amended Complaint" in the federal district court raising nearly identical allegations. The district court dismissed Trent's suit on abstention grounds.

## II

We review a district court's decision not to exercise jurisdiction for an abuse of discretion and its underlying legal conclusions *de novo*. *Safety Nat'l Cas. Corp. v. Bristol-Myers Squibb Co.*, 214

---

[1] Article X of the Trust Agreement states that "[a]ll matters respecting the validity, construction, interpretation, administration and enforcement of this Agreement shall be determined in accordance with the laws of the State of Indiana from time to time existing without regard to the conflicts of law rules of [Indiana]."

[2] Trent's complaint contesting the trust listed as defendants James Leonard Trent, Paula Leslie Trent, National City Bank of Indiana as Trustee, Amy Elizabeth Herrick, Amanda Lee Herrick, and Thomas P. Ewbank (as attorney for Krieg DeVault, LLC, counsel for Marie Dorothy Koffenberger). Trent's "Original Complaint for Declaratory Relief" and "Amended Complaint" in federal court listed only NCBI as a defendant.

F.3d 562, 564 (5th Cir. 2000).

Trent contends that the district court erred in concluding that the amended complaint was solely an action for declaratory relief. In support, he cites to the portion of the complaint that requests the court to "declar[e] . . . all expenditures and distributions made by Defendant National City Bank in the name of the Koffenberger Trust were improper and that such funds should be returned either to the heirs or to the Succession of Marie Dorothy Koffenberger, together with a judgment awarding Plaintiff all attorneys' fees and costs of these proceedings."

When a federal suit solely seeks declaratory relief, the district court's discretion to stay or dismiss the suit is governed by the standard derived from *Brillhart*. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995). In contrast, when an action also involves a demand for monetary or other relief, the district court's discretion to dismiss the suit is "narrowly circumscribed" and the propriety is governed by the broader "exceptional circumstances" standard articulated in *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Construction Corporation*, 460 U.S. 1 (1983). *See Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n. 4 (5th Cir. 2002) ("when an action contains any claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable") (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir. 2000)).

In reviewing the complaint, we agree with the district court's assessment of the claims presented by Trent. When a party seeks both coercive and declaratory relief, we may still apply *Brillhart* if the request for coercive relief is "frivolous." *Black Sea Inv., Ltd.*, 204 F.3d at 649-50. *See also PPG Indus., Inc. v. Cont'l. Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973) ("If the prayer for injunctive relief could be determined to be frivolous or premature or otherwise 'wanting in equity,'

then the suit could be considered solely a declaratory judgment action and the *Brillhart* holding would clearly apply."). Here, the coercive relief requested, namely the return of funds to the "heirs or to the Succession of Marie Dorothy Koffenberger" is frivolous because the federal court "has no jurisdiction to probate a will or administer an estate." *Markham v. Allen*, 326 U.S. 490, 494 (1946). *See also Moore v. Lindsey*, 662 F.2d 354, 361 (5th Cir. 1981) (quoting *Markhan*, 326 U.S. at 494) ("federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."). Since restitution of the funds would effectively require the court to interfere with the probate proceedings and administer the estate, we hold that the coercive relief requested is frivolous and the amended complaint is solely an action for declaratory relief.[3]

Trent also contends that the district court erred in applying the factors for abstaining from a declaratory action. A district court enjoys broad discretion under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to stay or dismiss a declaratory judgment action when parallel state court proceedings are pending. *See Brillhart*, 316 U.S. at 494; *Wilton*, 515 U.S. at 288. The district court, in making its determination, "should ascertain whether the questions in controversy between the

---

[3]We note that the amended complaint also requests "attorneys' fees and all costs of these proceedings." However, this court has never held that a request *solely* for attorney's fees constitutes a request for coercive relief and we decline to so here. *C.f. Southwind Aviation, Inc. v. Bergen Aviation, Inc*., 23 F.3d 948, 951 (5th Cir. 1994) (holding that *Brillhart* abstention did not apply because plaintiff's declaratory action also sought "coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief."). To rule otherwise would essentially swallow the entire *Brillhart* doctrine since most complaints contain boiler plate requests for costs and attorney's fees.

parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. In determining whether to dismiss a declaratory judgment action, a district court must look to three broad category of factors: (1) proper allocation of decision-making between state and federal courts, (2) fairness/improper forum shopping, and (3) efficiency. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390-91 (5th Cir. 2003). When "the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issue is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Id*. at 390-91. Moreover, "[a] federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts." *Id*. Here, Trent concedes that this case only involves Indiana state law issues. Thus, the state court addressing the same state law issues would appear to be the more appropriate forum for resolving this dispute. Similarly, as the district court correctly noted, certain parties whose interests may be affected by the district court's ruling are not participants in the federal suit and judicial economy would be served by having all the issues determined in one proceeding. Accordingly, we find that the district court did not abuse its discretion in applying the factors for abstaining under *Brillhart*.

III

For the above stated reasons, we hold that the district court did not abuse its discretion in abstaining from this action and AFFIRM the dismissal of the complaint.

5