**MEGA LIFE AND HEALTH INSURANCE COMPANY,**
Plaintiff,

v.

**Dominique TORDION and William Tordion, an infant,**
Defendants.

**No. 05–20183CIVJORDAN.**

United States District Court,
S.D. Florida,
Miami Division.

Nov. 3, 2005.

---

Christopher Rogers Fertig, Russell M. Pfeifer, Fertig & Gramling, Fort Lauderdale, FL, for Plaintiff and Counter–Defendant.

Eric Lawrence Stettin, Kuvin & Stettin, Fort Lauderdale, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS BASED ON ABSTENTION

JORDAN, District Judge.

On April 4, 2005, the defendants filed a motion to dismiss based on abstention. *See* Motion to Dismiss Based on Abstention ("Def. Mot. to Dismiss") [D.E. 7]. The defendants argue that under the abstention doctrine, this court must abstain from hearing this lawsuit and either dismiss or remand it because of a parallel state court proceeding currently pending in the Miami–Dade County Circuit Court. *See* Def. Mot. to Dismiss at 1–3. For the reasons set forth below, the defendants' motion to dismiss based on abstention is DENIED WITHOUT PREJUDICE.

### I. BACKGROUND

On January 24, 2003, Ms. Tordion applied for and was subsequently issued a

health insurance policy by Mega Life and Health Insurance Company ("Mega Life"). *See* Complaint for Rescission and Declaratory Judgment ("Fed.Compl.")[D.E. 1] at ¶ 10; Am. Compl. for Damages ("St. Compl.") in *Variety Children's Hospital v. Mega Life and Ins. Co., et. al.,* Case No. 04–26706 CA 31 (Fla. Dade County Cir. Ct.) at ¶ 18, attached as exhibit to Def. Mot. to Dismiss. Nine months later, Ms. Tordion's son, William, was born with a congenital heart defect and has been admitted and treated by Variety Children's Hospital d/b/a Miami Children's Hospital ("the Hospital") on various occasions. *See* St. Compl. at ¶ 6. Since his birth, the Hospital has expended approximately $300,000.00 in medical treatment and supplies for William, which allegedly neither Ms. Tordion nor Mega Life have paid. *See id.* at ¶¶ 6, 10, 12, 15, and 33.

## A. STATE COURT ACTION

On December 17, 2004, the Hospital filed the state court complaint against Ms. Tordion to recover the outstanding balance owed to the Hospital for the medical treatment and supplies it provided to William. *See* Def. Mot. to Dismiss at ¶ 2. On March 7, 2005, the Hospital filed an amended state court complaint adding Mega Life as a defendant, suing it under an assignment of benefits from Ms. Tordion. *See* St. Compl. at ¶¶ 18–36.

On April 4, 2005, Ms. Tordion filed a third-party complaint and cross-claims against Mega Life demanding a temporary injunction and declaratory relief, and alleging breach of the implied obligation of good faith, defamation, statutory insurer insurance fraud, breach of contract, intentional infliction of emotional distress, and recovery of attorneys' fees under the wrongful death act. *See generally* Third Party Complaint and Cross–Claims for Declaratory, Injunctive Relief and Damages, attached as exhibit to Def. Mot. to Dismiss.

Ms. Tordion alleges that Mega Life engaged in a scheme to defraud her of insurance benefits in order to avoid payment of William's medical expenses. *See id.* at ¶ 14. She contends that after Mega Life was billed for William's medical expenses, it fraudulently produced a note dated January 22, 2003 (the day before she applied for health insurance coverage) from a certain clinic, which stated that Ms. Tordion had tested positive for pregnancy. *See id.* at ¶ 16.

In response to Ms. Tordion's third-party complaint and cross-claims, Mega Life filed a cross-claim against the Tordions. *See* Mega Life and Health Insurance Company's Answer and Affirmative Defenses to Third Party Complaint and Cross–Claims for Declaratory Relief, Injunctive Relief and Damages and Cross–Claim, attached as exhibit to Supp. to Mot. to Dismiss Based on Abstention [D.E. 21]. In its cross-claim, Mega Life seeks rescission and a declaration of rights and liabilities under the policy, alleging that the health insurance contract should be rescinded because Ms. Tordion knowingly misrepresented that she was not pregnant before applying for health insurance coverage. *See* Cross–Claim Against Ms. Tordion, attached as exhibit to Supp. to Mot. to Dismiss Based on Abstention at ¶ 1. Moreover, in response to the Hospital's amended complaint, Mega Life filed a cross-claim against the Tordions that is identical to the cross-claim it filed in response to Ms. Tordion's third-party complaint and cross-claims. *See* Defendant Mega Life and Health Insurance Company's Answer to Amended Complaint and

Affirmative Defenses, attached as exhibit to Supp. to Mot. to Dismiss Based on Abstention.

## B. FEDERAL COURT ACTION

Mega Life filed this federal court action on January 21, 2005 against the Tordions only. *See* Fed. Compl. at 1. The federal court complaint is identical to Mega Life's cross-claim against the Tordions in the state court action, with the exception that it bases federal subject-matter jurisdiction on 28 U.S.C. § 2201 (Declaratory Judgment Act) and 28 U.S.C. § 1332 (diversity of citizenship). *See id.* at ¶ 1. On April 4, 2005, Ms. Tordion filed a counter-claim to Mega Life's federal court complaint that is identical to the third-party complaint and cross-claims she filed in the state court action. *See* Counterclaim for Declaratory, Injunctive Relief and Damages [D.E. 8].

Discovery in the state court action has progressed substantially, but has not progressed at all in this federal court action. *See* Docket, *Variety Children's Hospital v. Mega Life and Ins. Co., et. al.,* Case No. 04–26706 CA 31 (Fla. Dade County Cir. Ct.), attached as exhibit to Supp. to Mot. to Dismiss Based on Abstention [D.E. 28]; Order Granting Mega Life's Motion to Extend Time to Exchange Expert Witness Summaries and Reports [D.E. 30].

## II. ANALYSIS

### A. RELEVANT STANDARD

Ms. Tordion relies principally on *Wilton v. Seven Falls, Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), and *Brillhart v. Excess Ins. Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), and contends that the court should abstain from exercising jurisdiction and dismiss this ac-

tion because the state court action involves the same parties, core facts, and issues that are present in this case. *See* Def. Mot. to Dismiss at ¶ 3.

The Declaratory Judgment Act, 28 U.S.C. § 2201, gives a federal court broad discretion in deciding whether to exercise jurisdiction over a case when there is a parallel state court case. *See Wilton,* 515 U.S. at 286–87, 115 S.Ct. 2137 ("[T]he Declaratory Judgment Act . . . confer[s] on federal courts unique and substantial discretion . . ."). Thus, the test in deciding whether to exercise jurisdiction is whether the controversy "can better be settled in the proceeding pending in state court." *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173. Under the Declaratory Judgment Act, a federal court should decline jurisdiction where it *"might be* indulging in 'gratuitous interference' if it permitted the federal declaratory action to proceed." *Wilton,* 515 U.S. at 283, 115 S.Ct. 2137 (emphasis added).

A federal court does not have such broad discretion, however, when a plaintiff seeks coercive relief, such as rescission, in addition to a declaration under the Declaratory Judgment Act. *See Occidental Life Ins. Co. v. Nichols,* 216 F.2d 839, 842 (5th Cir.1954) (district court erred in dismissing life insurer's suit to rescind and declare policy void for insured's misrepresentations concerning his medical history where *inter alia* case "was not merely for a declaratory judgment, but also for rescission"); *PPG Industries, Inc. v. Continental Oil Co.,* 478 F.2d 674, 679 (5th Cir.1973) (court has broad discretionary power to dismiss a suit under *Brillhart* only when the plaintiff exclusively seeks a declaratory judgment); *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) ("[W]hen other claims are joined in an

action for declaratory relief (e.g.,...rescission...) the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief."); *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir.1994) (inclusion of "coercive remedies indisputably removes this suit from the ambit of a declaratory judgment action"); *Village of Westfield v. Welch's*, 170 F.3d 116, 124, n. 5 (2nd Cir.1999) (*Wilton's* discretionary standard only applies where the federal action seeks purely declaratory relief).

Rather, the stricter requirements embodied in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), must be satisfied in order for a federal district court to dismiss a suit seeking declaratory relief and rescission in light of a parallel state court case. *See Kelly Inv. Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 n. 4 (5th Cir.2002) ("[W]hen an action contains any claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable.") (citing *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (5th Cir.2000)); *Southwind Aviation, Inc.*, 23 F.3d at 948 ("When actions involve coercive relief the trial court must apply the standards enunciated by the Court in *Colorado River* ...").

It is indisputable that Mega Life is not seeking pure declaratory relief under the Declaratory Judgment Act in this federal court action. Mega Life's complaint also requests coercive relief, i.e., rescission of Ms. Tordion's health insurance policy. *See* Fed. Compl. at 1, 3, 6, 7, 9 ("This matter seeks rescission and the declaratory [sic] of rights and liabilities under a health insurance contract between the parties..."). Thus, *Colorado River*, rather than *Brillhart* and *Wilton*, governs whether this fed-

eral court action should be dismissed on abstention grounds.

 Under the *Colorado River* doctrine, when a party seeks coercive relief in addition to declaratory relief, federal courts have a virtually "unflagging obligation...to exercise the jurisdiction given them," and should only abstain in "exceptional circumstances." *Colorado River*, 424 U.S. at 813, 817, 96 S.Ct. 1236. Thus, the "rule is generally that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction." *Id.* at 817, 96 S.Ct. 1236. A federal district court should consider the following factors in deciding whether to dismiss a suit on abstention grounds under *Colorado River* : (1) whether one of the courts has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the potential for piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal or state law will be applied; and (6) the adequacy of each forum to protect the parties' rights. *Ambrosia Coal and Construction Co. v. Morales*, 368 F.3d 1320, 1331 (11th Cir.2004) (interpreting *Colorado River* and its progeny). In applying these factors, one must keep in mind that the "abstention inquiry must be heavily weighed in favor of the exercise of jurisdiction." *Id.* at 1332.

## B. APPLICATION OF *COLORADO RIVER* DOCTRINE

 The first factor, one court's assumption of jurisdiction over property, is inapplicable to this case. This is a purely *in personam* suit, and thus, neither court has jurisdiction over property. Moreover, the Supreme Court has not treated "actions like the one at bar, primarily seeking

damages and the equitable rescission of a contract," as involving the disposition of property. *Ambrosia Coal and Construction Co.*, 368 F.3d at 1332.

The second factor, the inconvenience of the federal forum, does not favor abstention. This factor focuses "primarily on the physical proximity of the federal forum to the evidence and witnesses." *Id.* The federal forum is Miami, Florida. The Tordions reside in Miami. *See* Fed. Compl. at ¶¶ 5, 6. Mega Life's principal place of business is Texas, but it chose to file this federal suit in Miami. *See id.* at ¶ 3. Potential witnesses who operate the clinic (Dr. Vladimir Rosenthal and his office manager, Ileana Lopez) and evidence (the note and insurance policy) are in or near Miami. *See id.* at ¶ 7; Counter-claim for Declaratory, Injunctive Relief and Damages at ¶¶ 15–19. Moreover, the state court forum is also in Miami and thus, poses no geographic advantage over the federal forum.

■ Ms. Tordion relies almost entirely on the third factor, the avoidance of piecemeal litigation, and argues that this action should be dismissed because it involves the same parties, same issues and same core set of facts as the state court action. *See* Def. Mot. to Dismiss at ¶ 3. However, if this was a sufficient reason to warrant abstention, "defendants could always escape federal courts simply by filing parallel state lawsuits." *Ambrosia Coal and Constr. Co.*, 368 F.3d at 1333. There must be a threat of "piecemeal litigation that is abnormally excessive or deleterious," and a simple dispute over the validity of a contract does not pose such a threat. *Id.* Thus, the third factor does not favor abstention.

■ The fourth factor, the order in which the different fora obtained jurisdiction, is not measured by which complaint was filed first, but rather by how much progress has been made in the two actions. *See Moses H. Cone Memorial Hospital v. Mercury Constr.*, 460 U.S. 1, 21–22, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). This is the only factor that favors abstention. As of August 25, 2005, there has been extensive discovery in the state court action. *See* Docket, *Variety Children's Hospital v. Mega Life and Ins. Co., et al.*, Case No. 04–26706 CA 31 (Fla. Dade County Cir. Ct.), attached as exhibit to Supp. to Mot. to Dismiss Based on Abstention. By contrast, the parties have not noticed any discovery-related documents in this federal court action. *See* Order Granting Mega Life's Motion to Extend Time to Exchange Expert Witness Summaries and Reports. However, this can be easily cured if the parties stipulate to have the discovery noticed in the state court action used here. Thus, the extensive discovery in the state court action should not impede the exercise of federal court jurisdiction.

The fifth factor, whether state or federal law applies, favors abstention only slightly. This factor, however, only strongly favors abstention if the case involves "complex questions of state law." *Ambrosia Coal and Constr. Co.*, 368 F.3d at 1334; *Noonan South, Inc. v. County of Volusia*, 841 F.2d 380, 382 (11th Cir.1988) (abstention not appropriate where case involves simple tort and contract principles). Yet, Ms. Tordion admits that this "case raises *simple* state law claims for breach of contract and tort claims..." Reply Memorandum to Plaintiff's Opposing Memorandum in Opposition to the Mot. to Dismiss Based on Abstention at 2 (emphasis added) [D.E. 23].

■ The sixth factor, the adequacy of the fora to protect the parties' rights, only

"weighs in favor of abstention when one of the fora is inadequate." *Ambrosia Coal and Constr. Co.*, 368 F.3d at 1334. Ms. Tordion does not show how the federal court will inadequately protect her rights, and thus, this factor does not favor abstention.

In sum, the *Colorado River* factors do not favor abstention in this case. The third factor, the relative progress of the two cases favors abstention, but can be easily cured. The fifth factor, the applicability of Florida law, only slightly favors abstention. These are simply not strong enough concerns to constitute "exceptional circumstances" to this federal court's "unflagging obligation to exercise jurisdiction." *Colorado River*, 424 U.S. at 813, 817, 96 S.Ct. 1236.

### C. Appropriateness of a Stay

For now, I express no opinion on whether a stay is appropriate. The last update I have received as to the state court action is a copy of the state court docket entries as of August 25, 2005. Thus, before considering whether to impose a stay, I will need an update on the state court action, including, but not limited to, a list of current pending motions, the expected trial date, and the discovery deadline. The parties are free to update me on the progress of the state court action and move for a stay. However, for now, this action should proceed according to the scheduled deadlines set forth in the scheduling order [D.E. 25] and order granting an extension to exchange expert witness summaries and reports [D.E. 30].

### III. Conclusion

For the reasons set forth above, the defendants' motion to dismiss based on abstention [D.E. 7] is DENIED WITHOUT PREJUDICE.