REVISED MARCH 10, 2009
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 25, 2009

Charles R. Fulbruge III
Clerk

No. 07-31146

NEW ENGLAND INSURANCE CO

                              Plaintiff - Appellant

v.

RICHARD D BARNETT

                              Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana

Before WIENER, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant New England Insurance Co. (New England) appeals the district court's order staying New England's declaratory judgment action. For the foregoing reasons, we vacate the district court's stay and remand for reconsideration under the appropriate standard.

## I. Facts and Proceedings

Defendant-Appellee Richard Barnett (Barnett) entered into a transaction with his business partner and attorney Ernest Parker (Parker), whereby Barnett would transfer certain shares and partnership interests to Parker, and upon Barnett's request, Parker would transfer them back at a later date. At some

point, Parker transferred Barnett's shares to a third party. Barnett demanded Parker return the shares but Parker refused. Barnett filed a lawsuit against Parker in the 15th Judicial District Court for the Parish of Lafayette, Louisiana. Parker gave notice of the suit to New England, Parker's insurer, which provided Parker full defense, subject to a "dishonest act exclusion" found in the policy.[1] Parker also filed a Third Party Demand action against New England in the same court, seeking indemnification from New England should he be found liable to Barnett. The Third Party Demand action is still ongoing.

Fourteen years after initiation of his first state court action, Barnett and Parker settled. Parker agreed to pay Barnett $100, assign his rights under his insurance policy with New England to Barnett, and enter into a consent judgment for approximately $4 million, to be paid out under the insurance policy. New England objected to the terms of the settlement, asserting that the assignment and consent judgment were invalid. In 2003, Barnett initiated a second lawsuit in the 15th Judicial District Court for the Parish of Lafayette, Louisiana against multiple parties, including New England. This second state court lawsuit is still ongoing.

On March 30, 2006, New England filed a declaratory judgment action in the United States District Court for the Western District of Louisiana, seeking, inter alia, a declaration that Parker's assignment of his rights under the insurance policy to Barnett is invalid and that Barnett cannot enforce the settlement or consent judgment against New England. Barnett initially filed a motion to stay the declaratory judgment action, but later withdrew the motion and filed an answer and counterclaim, seeking a determination of the issues in his favor and all damages resulting therefrom. The district court sua sponte stayed the declaratory judgment action, applying the standard set forth in

---

[1] The dishonest act exclusion provides that the policy will not indemnify an insured if he is adjudged to have committed various actions with deliberate purpose or intent.

*Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942). New England appeals the district court's decision to stay the action.

## II. Analysis

We review a district court's decision to stay a federal suit pending the outcome of state proceedings for abuse of discretion. *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 649 (5th Cir. 2000). However, to the extent that the decision rests on an interpretation of law, our review is de novo. Id. at 649-50.

This court applies one of two tests when reviewing a district court's exercise of its discretion to stay because of an ongoing parallel state proceeding. "When a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*[, 316 U.S. 491 (1942)]." *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 950 (5th Cir. 1994) (per curiam); see also *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (resolving conflict over which standard governed a district court's stay of a declaratory action). The Brillhart standard affords a district court broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 281 (1995). However, when an action involves coercive relief, the district court must apply the abstention standard set forth in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). *Southwind Aviation, Inc.* 23 F.3d at 951. Under the Colorado River standard, the district court's discretion to dismiss is "narrowly circumscribed" and is governed by a broader "exceptional circumstances" standard. Id. This court is tasked with determining whether Barnett's counterclaim seeking monetary relief precludes application of Brillhart and requires the application of Colorado River.

When determining which standard applies when a request for declaratory action seeks both declaratory and coercive relief, courts have approached the issue in four different ways. One approach is to determine whether the coercive claims can exist independently of the requests for declaratory relief; if so, exercise of jurisdiction is mandatory subject to Colorado River constraints. See, e.g., United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1112-13 (9th Cir. 2001); Snodgrass v. Provident Life & Acc. Ins. Co., 147 F.3d 1163, 1167-68 (9th Cir. 1998) (when other claims are joined with an action for declaratory relief (e.g. bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court must "determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case").

A second approach looks to the "heart of the action" to determine whether the outcome of the coercive claim hinges on the outcome of the declaratory claim; if the coercive relief is dependent on the grant of the declaratory relief, the Brillhart standard applies to a district court's decision to stay. See, e.g., Nissan N. Am., Inc. v. Andrew Chevrolet, Inc., ___ F. Supp. 2d ____, 2008 WL 5249273, at *4 (E.D. Wis. Dec. 17, 2008) (looking to the "fundamental character of [the] particular action," the court determined that plaintiff's breach of contract claim depended on the outcome of the declaratory claim, thus the Brillhart standard applied) (quoting Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1238 (S.D. Ala. 2006)) (applying "heart of the action" test); ITT Indus., Inc. v. Pac. Employers Ins. Co., 427 F. Supp. 2d 552, 555-56 (E.D. Pa. 2006) (same).

A third approach requires a per se application of Brillhart any time a request for declaratory action is made, regardless of other facts and circumstances. See, e.g., United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 492-94

(4th Cir. 1998) (applying Brillhart criteria even though plaintiff filed a counterclaim for breach of contract).

Fourth, courts have held that the Colorado River standard applies whenever an action includes both declaratory and non-frivolous coercive claims for relief. See, e.g., Vill. of Westfield v. Welch's, 170 F.3d 116, 124 n.5 (2d Cir. 1999); Mega Life & Health Ins. Co. v. Tordion, 399 F. Supp. 2d 1366, 1370 (S.D. Fla. 2005). This court follows the fourth approach. "[W]hen an action contains any claim for coervice relief, the Colorado River abstention doctrine is ordinarily applicable." Kelly Inv., Inc. v. Cont'l Common Corp., 315 F.3d 494, 497 n.4 (5th Cir. 2002) (emphasis added); see also Black Sea Inv., 204 F.3d at 649 ("When a party seeks both injunctive and declaratory relief, the appropriateness of abstention must be assessed according to the doctrine of Colorado River. . . ."); Southwind Aviation, Inc., 23 F.3d at 951 (inclusion of request for coercive relief for breach of contract in the form of damages, attorney's fees, and injunctive relief "indisputably removes this suit from the ambit of a declaratory judgment action"). This court has recognized only two exceptions to application of the Colorado River standard– if the claims for coercive relief are frivolous or if the claims for coercive relief were added as a means of defeating Brillhart. Kelly Inv., Inc., 315 F.3d at 497 n.4; see also Transocean Offshore USA, Inc. v. Catrette, 239 F. App'x. 9, 14 (5th Cir. 2007) (per curiam) (unpublished) (Fifth Circuit precedent "demands" application of Colorado River when declaratory action seeks monetary damages and claim is not frivolous); Diamond Offshore Co. v. A&B Builders, Inc., 302 F.3d 531, 539 (5th Cir. 2002) (holding that inclusion of timely and non-frivolous claim for monetary damages removed a suit "from the realm of a declaratory judgment action" for purposes of the Brillhart standard).

Thus, it is well settled in this circuit that a declaratory action that also seeks coercive relief is analyzed under the Colorado River standard. However, this does not end our inquiry. We must still determine whether to consider

Barnett's counterclaim for coercive relief as part of the declaratory judgment action, or whether we limit our review only to the plaintiff's pleadings. Our court has not yet addressed this specific question.

Two district courts have addressed this issue, and have reached different conclusions. In Axis Reinsurance Co. v. Melancon, 2007 WL 274805 (E.D. La. Jan. 26, 2007) (unpublished), an insurance company sought a declaration from the court that it was not obligated to provide coverage to the defendant. The defendant filed a counterclaim to the declaration action, seeking a declaration that he was owed coverage and that damages be assessed against the insurance company. 2007 WL 274805, at *1. The court determined that "the jurisprudence in [the Fifth Circuit] suggests that. . . the court need only look to whether there is non-frivolous coercive relief sought by the party plaintiff, regardless of whether such relief is sought by other parties." Id. at *3. Axis held that Fifth Circuit precedent "clearly impli[ed] that the court need only examine whether the [p]laintiff's action seeks coercive relief or not." Id. However, the cases cited by Axis involve claims for coercive relief sought only by the party that filed the declaratory action and otherwise fall within a recognized exception. See, e.g., Trent v. Nat'l City Bank of Ind., 145 F. App'x 896, 898 (5th Cir. 2005) (per curiam) (unpublished) (court found coercive relief requested by plaintiff to be frivolous and applied the Brillhart standard); Essex Ins. Co. v. Bourbon Nite-Life L.L.C., 2006 WL 304563, at *3 (E.D. La. Feb. 9, 2006) (unpublished) (plaintiff's interpleader claims for coercive relief were premature and not properly part of the action and were thus disregarded). The Axis court provided no further reasoning for its holding.

In Lexington Insurance Co. v. Rolison, 434 F. Supp. 2d 1228 (S.D. Ala. 2006), a general liability insurer sought a declaration of its duties to defend and indemnify its insured and its employee in underlying personal injury action. The insured filed a counterclaim, advancing claims seeking monetary damages that

were derivative of the insurers declaratory action. Id. at 1231 & n.3. The district court, considering the counterclaims, engaged in the "heart of the action" test to determine which standard applied. Id. at 1237-38 (ultimately concluding that Brillhart applied because the case was, "at its heart, a declaratory judgment action"). The court directly addressed the issue of whether a counterclaim seeking coercive relief affected the nature of the action. "[T]he court is unaware of any principled reason why the assertion of coercive claims asserted in a counterclaim. . . should be a per se guarantee of [Brillhart/]Wilton discretion." Id. at 1238 n.16. The court was not persuaded that a "sweeping pronouncement regarding coercive counterclaims as a whole" in order to avoid Colorado River was necessary. Id. "Viable claims to which federal subject-matter jurisdiction applies are no less worthy of being heard in federal court because they appear in a counterclaim rather than in a complaint." Id. Other courts have arguably recognized that a counterclaim to a declaratory action is not disregarded when determining whether the declaratory action also seeks coercive relief. See, e.g., Snodgrass, 147 F.3d at 1167-68 (reviewing district court's conclusion that "there was no claim or counterclaim unrelated to the declaratory action").

We are persuaded that in the present case, Barnett's counterclaim for coercive relief should be considered when determining the nature of the action. Barnett's claims for damages would be properly before the district court had he been the first to file the action. Further, our precedent states that "[w]hen an action contains any claim for coercive relief," Colorado River applies. See Kelly Inv., 315 F.3d at 497 n.4 (emphasis added). As noted above, when coercive claims are presented, our court has recognized only two exceptions to the application of the Colorado River standard. "[T]he only potential exception to this general rule arises when a party's request for injunctive relief is either frivolous or is made solely to avoid application of the Brillhart standard." See Black Sea Inv., 204 F.3d at 652 (emphasis added). There is no evidence that

Barnett's claims for monetary relief are frivolous or were filed in an effort to avoid Brillhart. In fact, application of the Colorado River standard makes it less likely that the court would abstain, a result not originally favored by Barnett.

This court has also rejected the argument that coercive claims that are merely "ancillary" to the declaratory action are not sufficient to warrant application of Colorado River. See, e.g., id. (rejecting argument that Brillhart applied given the "ancillary" nature of claim for injunction); PPG Indus., Inc. v. Cont'l Oil Co., 478 F.2d 674, 679 (5th Cir. 1973) ("To label the claim for an injunction 'ancillary' does not advance analysis. . . .").

Finally, in Kelly, the plaintiff filed an action seeking solely declaratory relief. 315 F.3d at 496. Defendants filed a counterclaim, seeking solely declaratory relief and also filed a motion to stay. Id. at 496-97. After defendants filed the motion to stay, the plaintiff added claims for monetary relief. Id. at 497. Defendants argued that because the claim for monetary relief were added after the motion to stay, the Brillhart standard should control. Applying the Colorado River standard, the district court abstained. Id. Affirming the district court's application of Colorado River, this court held that "Brillhart is only applicable when a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action. In contrast, when an action contains any claim for coercive relief, the Colorado River abstention doctrine is ordinarily applicable." Id. (quotations omitted). Although we decline to state what the outer limits of this holding may be, we cannot say that the facts of the instant case to not fit within the dictates of Kelly.

Because the district court erred as a matter of law in applying the wrong standard, we remand for reconsideration of the motion to stay under Colorado River. See Southwind Aviation, Inc., 23 F.3d at 951 (because the district court had not had an opportunity to exercise its discretion regarding abstention under the appropriate standards, "we must remand this cause to the district court so

that it may decide in the first instance whether abstention is warranted here in light of the appropriate standards of Colorado River"). For the foregoing reasons, we vacate the district court's order to stay and remand for reconsideration under the appropriate standard.

VACATED and REMANDED.