**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-60685

ALLSTATE LIFE INSURANCE COMPANY

Plaintiff-Appellee

v.

RAPID SETTLEMENTS LTD

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-629

Before REAVLEY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Rapid Settlements, Ltd., a Houston-based "factoring company," appeals the district court's grant of summary judgment and declaratory judgment in favor of Allstate Life Insurance Company, an annuity issuer, holding that an arbitration award approving a transfer of structured settlement payments to Rapid contravened the Mississippi Structured Settlement Protection Act, MISS. CODE ANN. § 11-57-7, and was void as to Allstate. For the following reasons, we AFFIRM the district court's judgment:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. The Federal Arbitration Act, 9 U.S.C. § 2, is not implicated. Allstate was not a party to the transfer agreement or to the arbitration proceedings. In order to be bound by an arbitral agreement one must generally agree to arbitrate, and non-signatories to arbitration agreements will be bound only in very limited circumstances, none of which are applicable here. *See Bridas S.A.I.P.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003); *see also Allstate Settlement Corp. v. Rapid Settlements, Ltd.*, __ F.3d __, 2009 WL 514080, at *5–6 (3d Cir. Mar. 3, 2009); *Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd.*, __ S.W.3d __, 2008 WL 5263265, at *5–6 (Tex. App. Dec. 18, 2008).

2. Rapid argues that prior court approval of the arbitration award was not required under the Mississippi Structured Settlement Protection Act because the protection act applies only in narrow situations and does not apply to arbitration proceedings rooted in breach of contract claims. We are unpersuaded. Rapid has a significant history of attempting to use arbitration clauses in transfer agreements to avoid the requirements of state structured settlement protection acts, and numerous federal courts have rejected Rapid's arguments. *See Allstate Settlement Corp.*, 2009 WL 515080 at *7 & n.11 (collecting cases).

3. Rapid contests the district court's issuance of injunctive relief, but we find no abuse of discretion, as the district court did not rely on erroneous factual or legal conclusions. *See ITT Educ. Servs., Inc. v. Arce*, 533 F.3d 342, 344 (5th Cir. 2008).

4. Rapid further asserts that the district court should have abstained from exercising jurisdiction under *Brillhart* and *Younger* because of a parallel Texas state court proceeding involving the same parties and the same issues. *Brillhart* abstention is inapplicable because Allstate sought coercive relief in addition to declaratory judgment. *See Southwind*

*Aviation, Inc. v. Bergen Aviation, Inc.*, 23 F.3d 948, 951 (5th Cir. 1994) (when action involves coercive relief court applies the standards of *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 96 S. Ct. 1236 (1976), which requires abstention only in "'exceptional' case"). Allstate was never a party to Rapid's state court confirmation proceedings, and its bill of review, which was not pending when the federal suit was filed, concerned only the issue whether Allstate was given proper service. At the time the district court ruled on the motion for reconsideration, the state court had vacated its prior judgment. We see no abuse of discretion by the district court in declining to abstain. *See Am. Bank & Trust Co. of Opelousas v. Dent*, 982 F.2d 917, 922 n.6 (5th Cir. 1993) (abstention reviewed under an abuse of discretion standard).

AFFIRMED.