**CREDIT ACCEPTANCE CORPORATION, Plaintiff–Appellant**

v.

**Kevin FORTENBERRY; Theresea R. Fortenberry, Defendants–Appellees.**

No. 11–60130.

United States Court of Appeals, Fifth Circuit.

Dec. 13, 2011.

Martin Christopher Bryce, Jr., Esq., Ballard Spahr, L.L.P., Philadelphia, PA, Mark Herndon Tyson, McGlinchey Stafford, P.L.L.C., Jackson, MS, for Plaintiff–Appellant.

Daniel Austen Silkman, Esq., William Harold Jones, Esq., William H. Jones Law Office, Petal, MS, James David Shoemake, Collins, MS, for Defendants–Appellees.

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: [*]

A lender appeals from the district court's judgment to abstain from deciding whether to compel arbitration. We VACATE and REMAND.

## FACTS

The underlying dispute concerns whether Kevin and Theresea Fortenberry defaulted on their repayment obligations pursuant to a retail installment contract for the purchase of a 2004 Toyota Camry. Finding their borrowers in default, Credit Acceptance Corporation repossessed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

automobile. It then filed a complaint in Mississippi state court for the amount allegedly still owed, $6,825.49. The Fortenberrys filed various counterclaims.

Relying on an arbitration provision in the contract, Credit Acceptance filed a motion in the United States District Court for the Southern District of Mississippi seeking arbitration only on the counterclaims. The Fortenberrys answered and opposed the motion, saying the proper forum was in state court.

The district court determined the contract was valid and the arbitration clause by its own terms applied to the Fortenberrys' counterclaims. The court then evaluated whether there was a reason not to order arbitration. It concluded that because there was a parallel state court proceeding, namely, the one filed by Credit Acceptance itself, abstention was warranted under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

Credit Acceptance timely appealed from the district court's judgment.

## DISCUSSION

There is a two-tiered standard used to review rulings on abstention. *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 394 (5th Cir.2006). We review *de novo* whether the particular requirements of *Colorado River* are satisfied, while a district court's decision to abstain is reviewed for abuse of discretion. *Id.*

A court may abstain under *Colorado River* only if, among other requirements, there are parallel proceedings in state and federal court. *Brown*, 462 F.3d at 395 n. 7. Proceedings are parallel when "the two suits involve the same parties and the same issues." *American Guar. & Liab. Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 251 (5th Cir.2005).

Credit Acceptance contended on appeal that the state and federal suits were not parallel proceedings. That position initially seemed premised on the continuation of the deficiency action in state court, and the arbitration would resolve the counterclaims. As we will discuss, Credit Acceptance's position was clearly otherwise by the time of oral argument.

The Fortenberrys assert that the proceedings are parallel.

The state and federal suits definitely involve the same parties. The only question is whether the issues being litigated are the same. In its federal court complaint, Credit Acceptance stated it was "seeking to compel arbitration of claims [the Fortenberrys] asserted against Credit Acceptance in state court." At oral argument before this panel, though, it stated that the entirety of the dispute should be sent to arbitration, including its deficiency claim.

The district court unsurprisingly was concerned that Credit Acceptance initiated the state court litigation, then invoked the arbitration clause in federal court just for the counterclaims. The arbitration clause seemingly allows this change of course, though Credit Acceptance may not have followed its own contract when it failed to request arbitration of the entire dispute.

This Arbitration Clause describes how a Dispute ... may be arbitrated.... Either You or we may require any Dispute to be arbitrated and may do so before or after a lawsuit has been started over the Dispute or with respect to other Disputes brought later in the lawsuit. A Dispute shall be fully resolved by binding arbitration.... The arbitrator shall decide whether a particular Dispute is subject to arbitration and any question as to the enforceability of all or part of this Arbitration Clause.... You

and we understand and agree that You and we choose arbitration instead of litigation to resolve Disputes. . . .

Notwithstanding the foregoing, we retain the right to repossess the Vehicle upon your default and to exercise any power of sale under this Contract. The institution and maintenance of any action for judicial relief or exercise of self-help remedies shall not waive the right to submit any Dispute to arbitration, including any counterclaim asserted in any such action, and including those controversies or claims arising from the exercise of any such judicial relief or the exercise of self-help remedies. If a demand for arbitration of any counterclaim is made, the entire Dispute shall be submitted to binding arbitration pursuant to this Arbitration Clause. If a party requests arbitration under this Contract the other party shall submit to arbitration any claim or counterclaim which such party may have against the requesting party, whether deemed to be compulsory or permissive in law.

As the federal court action was originally brought, it demanded arbitration solely of the counterclaims. The original state complaint sought the deficiency that Credit Acceptance claimed on the loan. The counterclaims denied there was a default and demanded damages for breach of the loan agreements and for defects in the repossession.

We do not examine further whether the two proceedings are parallel. Abstention is rarely appropriate in light of "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colo. River*, 424 U.S. at 817, 96 S.Ct. 1236. Credit Acceptance now concedes that the entirety of the dispute should be sent to arbitration, a position it did not clearly take—if at all—before the district court. Abstention therefore is clearly inappropriate. No reason exists to decide whether the district court was correct to abstain based on the arguments that were earlier being made.

We vacate the judgment that abstained from considering the complaint, and remand for consideration of whether an order compelling arbitration on the entire dispute is appropriate.

VACATED and REMANDED.